Zuver v. State—188 Ind. 60.

---

ZUVER v. STATE OF INDIANA.

[No. 23,494. Filed February 11, 1919.]

1. CONTEMPT. — Indirect. — What Constitutes. — Under §1044 Burns 1914, §1009 R. S. 1881, the publication of an unjusti-fiable criticism of a court, even though inaccurate or false and prompted by malicious motives, does not constitute contempt, where the matter had been fully disposed of before the criti-cism was published. p. 62.

2. CONTEMPT.—*Purging of, by Answer.*—When one undertakes to purge himself by a verified answer in a proceeding for indirect contempt, the facts alleged must be treated as true, and, if the facts so alleged under oath are sufficient to show that no contempt was committed, the defendant must be discharged, although he may be prosecuted for perjury if the answer is false.   p. 63.

From St. Joseph Circuit Court; T. D. Mott, Judge.

Proceeding by the State of Indiana against John Henry Zuver for indirect contempt of court. From a judgment of conviction, the defendant appeals. *Reversed.*

*Anderson, Parker, Crabill & Crumpacker, Vernon W. Van Fleet, Drummond & Drummond, W. P. O'Neill, Eli F. Seebirt* and *John G. Yeagley,* for appellant.

*Ele Stansbury,* Attorney-General, and *Edward M. White,* for the state.

LAIRY, J.—This appeal is from a judgment of the superior court of St. Joseph county rendered in a proceeding for indirect contempt of that court. The facts were brought to the attention of the court by a verified information filed therein by one S. R. Thomas, the courtroom bailiff, by which information the court was given to understand and know that appellant was, on March 27, 1918, the editor of the South Bend Times, which was a daily newspaper published at the city of South Bend, Indiana. From the facts stated in the information it appears that a divorce had been granted by the St. Joseph Superior Court to the plaintiff in a proceeding entitled Emma B. Rineholt v. Landon B. Rineholt, and that the decree awarded to the plaintiff the custody of a child and made provision for the payment by the defendant for the support of such child the sum of two dollars on Monday of each week until the further order of the court. It further appears that on November 5, 1917, the defendant filed a petition to modify the order

as to the payment of money for the support of the child, which motion was set for hearing in the St. Joseph Superior Court on March 26, 1918. On that day the defendant filed an affidavit for a change of venue from the judge on the ground of bias and prejudice. It appears that the court did not rule on this motion for a change of judge at the time it was filed, but that the matter was taken under advisement by the court, which soon thereafter adjourned for the day, and the information does not disclose when the court did rule on this motion. It is charged that, on the day following, appellant published in the newspaper of which he was the editor an article which purported to be a report and comment on the proceedings had before the court on March 26, 1918, concerning the matter of the motion for the modification of said order and decree, the filing of the motion for a change of judge and the taking of the same under advisement by the court. The article published is set out in full, together with the headlines under which it appeared; and upon this article is based the charge of indirect contempt of court.

For the purpose of purging himself of the contempt charged appellant filed a sworn answer in two paragraphs. In the first paragraph of answer he admitted the publication of the article as set out in the information, but denied that he wrote the headlines or that he had any knowledge concerning the same until he saw the article after its publication. As a part of this paragraph of answer and as a reason why he should not be punished for contempt, appellant asserts under his oath that the proceeding referred to in said published article was not pending before the court at the time such publication was made, but that it had been fully and finally decided and determined before that time. If this statement is true, the publication of the article would not constitute a contempt of court,

even though it may have been inaccurate or false and may have been prompted by improper or malicious motives.    Under such circumstances the publication of the article might constitute an unjustifiable criticism of the conduct of the court, but it would not amount to contempt, because not made with reference to proceedings pending in the court at the time.    §1044 Burns 1914, §1009 R. S. 1881.    *Cheadle* v. *State* (1887), 110 Ind. 301, 11 N. E. 426, 59 Am. Rep. 199.

When a defendant undertakes to purge himself by a verified answer filed in a proceeding for indirect contempt of a criminal nature, the facts stated therein must, in such proceeding, be treated as a verity.    If the facts so stated under oath are sufficient to show that no contempt was committed, the defendant must be discharged.    *Baker* v. *State* (1914), 183 Ind. 1, 108 N. E. 7, L. R. A. 1915D 1061; *Burke* v. *State* (1874), 47 Ind. 528.    The rule thus stated is very ancient and it is still followed.    Mr. Blackstone says: "If a party can clear himself upon oath, he is discharged; but, if perjured, he may be prosecuted for perjury."    Blackstone, Commentaries Complete 995.

The trial court erred in refusing to discharge appellant upon the facts stated in his own sworn answer. Other questions presented are not considered.    The judgment is reversed, with instructions that appellant be discharged.

NOTE.—Reported in 121 N. E. 828.    Contempt, definition, 135 Am. St. 272.    See under (2) 9 Cyc 44.