## Kerr v. State of Indiana.

[No. 23,945. Filed October 30, 1923. Rehearing denied January 16, 1924.]

1. CONTEMPT OF COURT.— *Direct.— Defined.*— One who does a wrongful act in the presence of the court for the purpose of disgracing and degrading the judge, or with a view to inspiring him with fear that like affronts will follow any decision against such offender in a pending cause, is guilty of direct contempt of the court. p. 150.

2. CONTEMPT OF COURT.—*Direct.—Defined.*—Making scurrilous and irrelevant charges against the presiding judge of a court, or a judge that had made a prior decree or order in the same cause, by inserting them in a pleading filed in such court, is a direct contempt, the same as making them in open court would be. p. 150.

3. CONTEMPT OF COURT.—*Direct.—Affidavit and Rule to Show Cause Unnecessary.—Statute.*—In a proceeding for direct contempt, an affidavit specifying the charges against the defendant and a rule to show cause why the defendant should not be

punished for contempt, as required by §1045 Burns 1914, in cases of indirect contempt, are not necessary.   p. 151.

From Lake Superior Court; *Charles E. Greenwald,* Judge.

Proceeding charging John Kerr with direct contempt of court.   From a finding of guilty, and ordering that he be fined and imprisoned, he appeals.   *Affirmed.*

*William J. Whinery,* for appellant.

*U. S. Lesh,* Attorney-General, *Gavit, Hall & Smith* and *J. A. Patterson,* for the State.

EWBANK, J.—Appellant was cited for contempt of court in failing and refusing to obey an order that he should make certain payments of money for the support of his three minor children in the custody of their mother from whom he had been divorced five years before.   Some time afterward, the judge of the trial court caused to be entered in the order-book a statement to the following effect:   That appellant was present in court when such statement was made; that appellant had filed an answer to said citation containing averments that were copied into such statement, by which he charged, at great length, with many repetitions, that when the divorce suit was originally heard, the judge of said court (still in office) had granted a divorce to appellant's wife on her cross-complaint, and made an order giving her the custody of the three children, and an order that appellant pay certain sums of money for their support, and that a motion for a new trial was filed by him and overruled by the court; alleging that the judge presiding in the court, both at the time said judgment and said orders were made and at the time said answer was filed five years later, had made the orders notwithstanding he knew that said defendant (the wife) was not a fit person to have the care and custody of said minor children; averring that, with such

knowledge, the judge gave her the custody of the children for the sole reason that he was going to give somebody a divorce and would give it to her; asserting that he was induced to grant her the divorce and to make such orders by prejudice against appellant which was caused by statements made to said judge, in conversations in which he engaged while the trial was in progress with persons not witnesses and in no way connected with the cause, in which those persons said harsh things about appellant, and expressed the hope that the judge would "soak him", an alleged conversation being set out at length; stating that appellant is the father of only the first and third child, but not of the second one, and that the judge knew that fact when he made the orders as to the custody of the children, and for payment of money by appellant for their support, and was induced to make such orders through "outside influence brought to bear upon him" by means of the alleged conversations; and insisting that the court was without power and authority to attach appellant for nonpayment of money as support for the children, and that it would be unjust, unfair and inequitable to attach him for such nonpayment; and the charge written in the order-book added that such answer was signed by appellant. The record further recites that when called on for his defense, appellant refused to make any statement, and that, from the foregoing facts, the court found him guilty of direct contempt of court and entered judgment that he be punished by a fine and imprisonment. Nothing was done toward procuring any additional or different statement of the facts as to what appellant did or the attending circumstances, except only the fact that the modified order for custody of the children and payment for their support which appellant was charged with disobeying had been made by a special judge more than three years after the divorce was granted, each

party having filed a petition for the modification of the original order made by the regular judge, and both having agreed on the special judge to try it.

Appellant filed a motion for a new trial for the alleged reasons that the decision was not sustained by sufficient evidence and was contrary to law, and that the court had not acquired jurisdiction to adjudge appellant guilty of contempt because it had not first entered a rule against him to show cause. This motion was overruled, and appellant excepted. Overruling the motion for a new trial and acting without having acquired jurisdiction are assigned as error.

Appellant insists that filing the answer containing said statements did not constitute a contempt, but says that if it did, only an indirect contempt was committed, which the court could punish only after the filing of an affidavit and service of a rule to show cause, as prescribed in §1047 Burns 1914, §1012 R. S. 1881.

None of the facts so alleged were in the slightest degree relevant to the matter which appellant was called upon to answer. If he had gone into the court-
1, 2. room where this judge was holding court, and had orally accused him of lacking integrity, and of having made in the past a decision and order relating to another phase of the matter then before the court, directly contrary to what he knew to be the facts, because persons in no way connected with the case on trial had met him outside the court room and told him to "soak" one of the litigants, there could be no doubt that making such accusations would have constituted a direct contempt of court. One who does a wrongful act in the presence of the court for the purpose of disgracing and degrading the judge, or with a view to inspiring him or a special judge appointed in his place with fear that like affronts will follow any decision against such offender in a pending cause, is guilty of

direct contempt of the court. *Ex parte Wright* (1879), 65 Ind. 504, 508; *Holman* v. *State* (1886), 105 Ind. 513, 5 N. E. 556; *Dodge* v. *State* (1895), 140 Ind. 284, 39 N. E. 745; *Brown* v. *Brown* (1853), 4 Ind. 627, 58 Am. Dec. 641; *Mahoney* v. *State* (1904), 33 Ind. App. 655, 658, 72 N. E. 151, 104 Am. Rep. 276.

And making such charges and imputations by inserting irrelevant and impertinent matter in a pleading filed in the court was a direct contempt, the same as making them orally would have been. *Ex parte Smith* (1867), 28 Ind. 47; *Coons* v. *State* (1922), 191 Ind. 580, 134 N. E. 194, 20 A. L. R. 900, and authorities cited; 9 Cyc 20.

A direct contempt being shown, filing an affidavit and service of a rule to show cause were not

3. necessary in order to give the court jurisdiction. The judgment is affirmed.