## Maryland Casualty Company *v.* Kerr.

[No. 12,127. Filed April 2, 1925. Rehearing denied July 1, 1925.]

1. CONTEMPT.—*Measure of recovery on appeal bond given in appeal from judgment in contempt proceeding for not making payments ordered in divorce case.*—In an action on appeal bond given to appeal from a judgment for contempt in not making payments for the maintenance of defendant's children, as ordered in a divorce action, the surety is liable only for the amount found to be due at the time the judgment for contempt was rendered, plus interest thereon and costs, although the defendant was delinquent in his payments in a much larger amount at the time of the trial of the action on the bond. p. 398.

2. CONTEMPT.—*Erroneous judgment on appeal bond given to appeal from the judgment in contempt proceedings not affirmed although principal on bond will escape payment of just obligation.*—Where a former husband was found guilty of contempt in not obeying the orders of the court in a divorce action to make monthly payments to his wife for the support and maintenance of his children and was ordered confined in jail until the delinquent payments were made, a judgment for an excessive amount in an action on the appeal bond given to appeal therefrom will not be affirmed although, the principal on the bond having left the state, he may escape the payment of a just obligation. p. 399.

From Lake Circuit Court; *Oliver Starr*, Special Judge.

Action by Jennie Pearl Kerr against the Maryland Casualty Company on an appeal bond. From a judgment for plaintiff, the defendant appeals. *Reversed.* By the first division.

*William J. Whinery*, for appellant.
*Patterson & Thiel,* for appellee.

REMY, J.—In April, 1916, in a suit commenced by John Kerr against appellee, a divorce was granted appellee on her cross-complaint. As a part of the decree, appellee was given the custody of three minor children of the parties, and Kerr was ordered to pay to appellee, on the first day of each month, the sum of $60 for the maintenance of the children. November 14, 1919, on petition of appellee, and cross-petition of Kerr, for a modification of the decree, the amount to be paid for the maintenance of the children was increased to $100 per month, but with the provisions that "the order should not be a lien" on Kerr's real estate. The monthly payments for the support of the children were not paid, and in December, 1920, appellee filed with the court her petition asking that Kerr show cause why he should not be punished for indirect contempt. Issues were formed, and, on March 3, 1921, a trial of the contempt proceeding resulted in the following judgment:

"It is therefore considered, adjudged and decreed by the court that the plaintiff John Kerr is in contempt of this court for failure to comply with the order of this court entered November 14, 1919, in this cause, and for the further reason that he has failed to discharge the rule entered against him in that there is now $1,063 unpaid and due to defendant, petitioner herein, and which the plaintiff now refuses to pay, without just cause for such refusal, and that the plaintiff be and he

is hereby ordered confined to the county jail of Lake county, Indiana, until said order is complied with; and the sheriff is charged with the execution of this order."

From this order, Kerr appealed, in term, to the Supreme Court, giving bond for $2,000, with appellant as surety. The order and judgment of the trial court was affirmed. *Kerr* v. *State* (1923), 194 Ind. 147, 141 N. E. 308. See, also, *Kerr* v. *Kerr* (1923), 193 Ind. 140, 141 N. E. 305.

After affirmance by the Supreme Court, Kerr having left the state, taking with him all of his property subject to execution, appellee commenced this action on the appeal bond, making appellant, the surety, sole defendant. Appellant having answered by denial, a trial resulted in a judgment for appellee for the full amount of the bond. At the time of the trial of the contempt proceeding, the total amount due on the court order for the maintenance of the children was, as found by the court, the sum of $1,063. Since the trial of the contempt proceeding, the monthly payments on the maintenance order have not been paid, and, at the time the court rendered judgment in the case at bar, there was due on the order a total of $4,563.

Appellant concedes its liability as surety on the bond. The only question for determination by this court is: What is the measure of recovery? Appellant contends that recovery on the bond is limited to $1,063, the amount found to have been due from John Kerr, the principal on the bond, at the time the judgment was rendered, plus interest and costs; or a total of $1,270.93. On the other hand, it is urged by appellee that, since there was due on the order for maintenance, at the time of the trial of this cause, the sum of $4,563, her recovery is not limited to the amount due when the court rendered judgment in the contempt proceeding, with interest and costs; but that she is entitled to recover

$2,000, the full amount of the bond obligation. The trial court erroneously adopted this view.

Section 632 of the Civil Code (§698 Burns 1926, §638 R. S. 1881) provides that a term-time appeal shall operate as a stay of all further proceedings on the judgment, upon the filing of an appeal bond .with such penalty and surety as the court may approve, conditioned that the appellant "will duly prosecute his appeal, and abide by and pay the judgment and costs which may be rendered or affirmed against him." The judgment from which John Kerr appealed, and, in which appeal, he gave the bond sued on, was that he was in contempt of the court "for his failure to comply with the order" of court of November 14, 1919, as a result of which, he was then found to be indebted to the defendant in the sum of $1,063, and was ordered confined to jail until the order should be complied with. The trial for contempt was had on March 3, 1921. Kerr was not then in contempt for failure to pay the $100 which would fall due April 1, 1921; nor for failure to pay any of the subsequent monthly payments, under the court's order for the support of his children. The record shows that since the trial of March 3, 1921, Kerr has made no payments. For his failure so to do, he is guilty of conduct for which he might again be cited for contempt; but for that conduct, no charge of contempt has been filed, and no trial had. The bond given on appeal from the judgment for Kerr's contempt in refusing to comply with the orders of the court at and prior to the time the judgment was rendered would not provide against his wrongful conduct in refusing to make payments which fell due subsequent to that time. If there had been no appeal from the judgment in the contempt proceeding, and Kerr had promptly paid the $1,063 then due, no one would contend that under the

judgment Kerr could have been kept in jail until all future payments for support had been made.

As a reason for affirmance of the judgment, it is suggested by appellee that Kerr is not now within the jurisdiction of the court. It may be that the modification of the original judgment, by which it would not be a lien on Kerr's real estate, was a mistake; and it may be that there have been errors of judgment on the part of appellee, and that, as a result, Kerr may escape the payment of a just obligation, but they are not errors for which relief can be given by this court.

Reversed.