SMITH, ADMINISTRATOR *v.* MILLER, GUARDIAN.

[No. 26,176. Filed October 31, 1935.]

*B. V. Goshorn,* for appellant.

*Rawley, Baumunk & Fisher,* for appellee.

ROLL, J.—Appellant was found guilty of indirect criminal contempt by the court below and from a judgment of guilty and the assessment of a fine of $125.00 and the cost of the action, appellant appeals.

This action arose out of the following state of facts as we gather them from the record in this case. Harlan A. Miller was the duly appointed guardian of Mary Scott, an old and infirm person. After her death appellant George H. Smith was appointed administrator of her estate by the judge of the Clay Circuit Court. Soon after the death of Mary Scott, her guardian, Harlan A. Miller, made and filed his final report in the guardianship matter, showing a net balance of assets in his hands of $220.09, which was paid into court. After this final report was filed, George H. Smith, as administrator of the estate of Mary Scott, filed objections to this final report. The objection made by the adminis-

trator had to do with certain insurance policies of Mary Scott of the approximate value of $800.00. Additional paragraphs of objections were made from time to time, and several objections made were stricken out by the court on motion by the guardian. It appears that a great deal of legal proceedings were had with reference to these objections before final issues were completed. On account of the extra work occasioned by these objections the guardian and his attorney, before the trial on the exceptions was had, filed a supplemental report wherein he recited the various steps taken by himself and attorney on account of said objections, and for that reason asked the court to make an extra allowance to the guardian for his services and for the services of his attorney. Upon the final hearing the court sustained the final report of the guardian and made an order allowing the guardian twenty-five dollars for his services, and a further sum of one hundred dollars for his attorney. By this judgment approving the final report of the guardian, said administrator failed to recover the amount of the insurance policies which he sought to do by his exceptions. Appellant, when he qualified as administrator of Mary Scott, deceased, filed his inventory and appraisement showing total assets of said estate as consisting of $220.09 cash, and household goods which was sold for $48.00, or a total of $268.09. On September 21, 1931, George H. Smith, as administrator of the estate of Mary Scott, deceased, filed in the Clay Circuit Court his current account, and vouchers wherein he showed expenditures amounting to more than his receipts by more than fifty dollars. In this current report appellant mentions the allowance of the $125.00 to the guardian for additional services and calls the court's attention to the fact that they had not been paid and could not be paid unless additional funds came

into his hands as such administrator. He refers to the allowance of the $125.00 in the following manner:

"On January 29, 1930, there was no funds left in the hands of this administrator; but instead there was a deficit on said date and this administrator and his attorney conducted the hearing and prepared the evidence in the case wherein this administrator took exceptions to the guardian's report of Harlan A. Miller in final settlement of said guardian in which the court made an allowance of $125.00 for the guardian and his attorney in the defense of said report which is to be paid in case this administrator is successful in the case of George H. Smith as administrator of the estate of Mary Scott, deceased vs. Harlan A. Miller and there comes funds into the hands of this administrator with which to pay the same."

This is followed by a request that the court also allow him and his attorney for their services in presenting the objections to the final report of the guardian, a like sum of $125.00, so that it could be collected in case sufficient funds should come into his hands as assets of said estate. This report was accompanied with vouchers for the various sums paid out as listed in the report. The court record shows that this report was examined and approved by the court on September 21, 1931.

No additional funds ever came to the estate and the $125.00 allowed and ordered paid by the court for the guardian and his attorney was not paid.

On December 14, 1931, the information in this case was filed with the court, wherein the court was informed of the above order made against the appellant as administrator to pay into the clerk's office the said sum of $125.00, and that the said administrator had neglected and refused to obey said order and asked that appellant be cited and punished for contempt of court. Upon the filing of this information the court issued a writ to

appellant requiring him to appear and show cause, if any he may have, why he should not be attached and punished for a contempt of this court. In response to this writ appellant appeared at the time and place mentioned in the writ and filed his answer in discharge of the rule. Appellant filed answer in general denial, and also an answer in which he recites the financial condition of the Mary Scott estate at the time the allowance of said $125.00 was made and that there was a deficit in said estate at that time of some sixty-five dollars, and that all the funds of said estate had been paid out by appellant in payment of legal claims against said estate and upon the approval of the court, and that prior to the filing of the information a current report in said estate had been filed showing all the expenditures and receipts, and which report showed that at no time since said order was made was there any funds in his hands as such administrator to pay said order, which report was examined and approved by the court, and that since said report was filed, no money or funds belonging to said estate had come into his hands, and he does not now have any funds with which to pay said order. That he is not willfully resisting, hindering, delaying or disobeying any legal process or order of the court. The court set the cause for trial which was had on January 5, 1932. The court heard the evidence, the substance of which we have set out above. At the close of the evidence the court entered the following judgment:

"And the court for punishment for the offense so committed herein by George H. Smith, do hereby assess a fine of $125.00 and the further costs of this action taxed at $................."

From this judgment appellant appealed and has assigned the following errors: (2) The court erred in not sustaining the defendant's answer and motion to dis-

charge the rule to show cause and dismiss the cause; (6) the finding or decision of the court is contrary to law.

The appellee does not discuss in his brief any question attempted to be raised by appellant, but gives his entire effort to show that appellant by his brief has failed to properly present any question for the consideration of this court.

It is true that appellant's brief is by no means a model, either in form or substance. The brief, however, does contain the substance of the information filed and a reference to the page and line where it may be found in the transcript. It also has the answer filed by appellant in discharge of the rule to show cause, and the judgment of the court. We think there is a sufficient compliance with our rules on the preparation of briefs, to present the real question in the case.

The title of the information, and the fact that it was filed in the original case, and the further fact that evidence was heard by the court upon questions presented, would indicate that the proceedings were for civil contempt. But the substance, and the relief asked by the information, the verified answer filed by appellant in discharge of the writ, and the judgment of the court would indicate that the proceedings were for indirect criminal contempt. From what we can learn from the briefs in the case, it was in fact regarded and tried by both parties and by the court as an indirect criminal contempt under the provision of sections 1083-1084, Burns Ann. St. 1926, §§3-908-3-909, Burns 1933, §§885-886, Baldwin's 1934. In either event the case must be reversed. If it be considered as a civil contempt, the judgment is erroneous for the judgment makes no provision that the fine be

paid to or for the benefit of the plaintiff. If it be considered as an indirect criminal contempt, the answer filed by appellant was clearly sufficient to purge him of any criminal contempt. The answer in an indirect criminal contempt is sufficient if it shows that the defendant did not deliberately intend to defy the authority of the court. The answer certainly shows that the appellant had no such intent. He shows by his answer that he had no money with which to pay the order and the court knew at the time the order was entered that no funds were available with which to pay the same, and could not be paid unless by some undisclosed means the estate would come into possession of additional funds. The answer shows that no such funds had been discovered and that all the funds belonging to the estate had been fully and lawfully accounted for and the current report showing such distribution had been approved by the court before the information in this case was filed.

The law governing this case was fully discussed by this court in the case of *Denny* v. *State* (1932), 203 Ind. 682, 182 N. E. 313, and on authority of this case, the judgment is reversed with instructions to the lower court to sustain appellant's motion and answer in discharge of the rule and discharge appellant.

Judgment reversed.