BANGS ET AL. *v.* NORTHERN INDIANA POWER COMPANY

[No. 26,609.  Filed February 23, 1937.  Rehearing denied
April 27, 1937.]

W. H. Eichhorn, Arthur D. Saylor, and Daily, Daily, & Daily, for appellants.

Bowers, Feightner & Bowers, and Mart J. O'Malley, for appellee.

TREMAIN, C. J.—This is an appeal from a judgment of the Huntington Circuit Court adjudging appellants guilty of civil contempt, and ordering that each stand committed to jail until the judgments assessed were paid. This proceeding is based upon the violation of a temporary injunction, issued on a complaint filed by appellee against some of the appellants in that court on January 1, 1935. The trial of the injunction suit resulted in a final judgment, from which an appeal was taken to this court. The judgment was affirmed February 2, 1937. *City of Huntington et al* v. *Northern Indiana Power Co.*, ante 502, 5 N. E. (2d) 889. Reference is made to that cause to disclose the facts forming the basis of this opinion.

While that cause was pending in the Huntington Circuit Court, and after the temporary injunction was granted, the appellee herein, on April 4, 1935, filed in that cause a verified motion and information against the defendants therein and others, charging that the defendants (appellants herein) had violated the terms of the temporary injunction continuously from the date of its issuance, and asked that they be required to show cause why they should not be attached for contempt of court. The information recited the entry of the injunction and stated that the appellants, Bangs, Clark, McGregor, Van Pelt, Erehart, and Zigelman were officers, agents, and employees and were parties to the injunction suit; that the appellants King, Cox, Peppás, Ellis, and Strickland, not parties to the original action but with full notice of the terms thereof, had violated it by acting in concert with the other appellants, by installing and permitting to be installed in their premises electrical appliances, connect-

ing them with the city lighting plant and disconnecting them from the plant of the appellee.

Upon the filing of the affidavit and information, the court issued a rule against the defendants to show cause; they appeared in court in person and by attorneys and filed answers. A trial was had in which the court found that each of the appellants had violated the terms of the temporary injunction, by reason of which the appellee had suffered loss and damages in the sum of $2,100. The court awarded damages as follows: Against Bangs $1,500, Clark $250, McGregor $150, Zigelman $25, Erehart $25, and Van Pelt $1; that each be committed to the county jail until the respective sums were paid. The appellants, King, Cox, Peppas, Ellis, and Strickland, were ordered to disconnect the electric appliances installed in their premises within five days, and on failure to do so, to appear in court for further decree. This judgment was entered May 8, 1935. The last named appellants failed and refused to make the disconnections of the electric appliances as ordered by the court, and were, on May 20, 1935, by order of court, committed to jail until they complied with the order.

Each appellant filed a separate motion for a new trial, which was overruled with exceptions, and the appeal was perfected from the two contempt judgments entered—that is, the judgments of May 8th and 20th, 1935.

The first assignment presented by appellants is based upon the refusal of the court to grant a change of venue from the judge as provided in Chapter 26, Acts 1931, being Sections 3-911 and 3-912 Burns' Ind. St. 1933, §§879 and 880 Baldwin's Ind. St. 1934. Appellants claim that under section 3-911 (§879 Baldwin's 1934) it was the duty of the trial court to nominate three competent and disinterested persons from whom each

side should strike one, the one remaining to sit as judge at the hearing. In their briefs both parties to this appeal have admitted that the facts involved constitute civil contempt. The facts so disclose. The State of Indiana is not a party to the proceeding. The proceeding is maintained by a corporation as plaintiff against the named defendants. The information recites facts showing a violation of the court's order by each appellant, defendant therein, and alleges that because of the acts and conduct of the appellants the appellee suffered damages in a large sum; that because of the acts of the appellant Bangs, the appellee suffered damages in the sum of $5,000; that because of the acts of the appellant McGregor, it suffered damages in the sum of $500; and continues to allege the damages suffered on account of the acts of each appellant.

The affidavit and information prays "that the court take all necessary measures and make all proper and necessary orders to secure and indemnify the plaintiff and to protect the plaintiff against loss or damage." Notwithstanding the fact that the action is between private parties, demands damages as against the individual defendants therein, and asks the court to enter a proper decree to protect the appellee, the appellants say that the 1931 Act applies. Also, it may be recalled that the appellants, defendants below in the injunction suit, took a change of venue from the presiding judge, and Judge Smith was appointed, who tried the injunction suit and was sitting as the trial judge upon the hearing of the contempt proceeding. Appellants claim that the facts constitute an indirect contempt, and therefore, under the case of *Denny* v. *State* (1932), 203 Ind. 682, 182 N. E. 313, they were entitled to the change as provided in the 1931 Act. From a reading of that Act, it is quite clear that it does not apply to civil contempt proceedings where one party

has filed an action for injunction against another party for the protection of the plaintiff's property.

Section 3-910 Burns' Ind. St. 1933, section 887 Baldwin's 1934, being part of the statute of 1881, in providing for contempt proceedings, contains this provision:

"Provided, however, That nothing herein contained shall be construed or held to embrace, limit or control any proceeding against any officer or party for contempt for the enforcement of civil rights and remedies."

That section of the statute is part of the statute authorizing contempt proceedings. It has been held by this court many times not to apply or control proceedings in civil contempt. *Thistlethwaite* v. *State* (1898), 149 Ind. 319, 49 N. E. 156; *Locrasto* v. *State ex rel.* (1930), 202 Ind. 277, 173 N. E. 456.

In the last case cited the court said (p. 280) :

"Refusing to comply with a restraining order is a civil contempt, as a restraining order is for the benefit of a party, and to violate it is detrimental to the rights of such party."

Many other authorities announce the same rule. Section 1 of the 1931 Act, upon which the appellants rely, clearly has reference to indirect criminal contempt. That section contains the following exception:

"and except those growing out of wilfully resisting, hindering, delaying or disobeying any lawful process or order of court."

The section further provides that from the names submitted by the court "the State of Indiana, by the prosecuting attorney, and the defendant, shall immediately strike off one of such names each. . . . If the prosecuting attorney or the defendant, or his attorney, refuse to strike off the names, then the clerk of such court shall strike for them." Evidently the legislature had in mind criminal contempt cases in which the prose-

cuting attorney represented the state. When the 1931 Act is read in connection with other statutes upon the subject of change of venue, and when it is considered that the facts here involved constitute civil contempt, it is plain that the statute relied upon by appellants does not apply, but applies only in the matter of the selection of judges and the right to change of venue in criminal contempt cases.

One of the appellants, not a defendant in the original injunction suit, but a defendant in the contempt proceeding, by a proper affidavit and motion, asked for a change of judge. This motion was properly overruled for the reason that the defendants had had one change of judge, and when that change was granted, it exhausted the rights of all defendants to a further change.

The appellant Bangs claims that by reason of the fact that he was mayor of the city of Huntington at the time of the appeal in the proceeding, he was entitled to appeal without bond pursuant to Chapter 9, Acts 1931, section 2-4717 Burns' Ind. St. 1933, §488 Baldwin's 1934. This statute provides that in all matters in which any city or town, or those representing it in any official capacity, are entitled to appeal, the same shall be granted without bond. Clearly the statute gives a city or town such right. It also gives the right to the city officers representing it in any official capacity to perfect the appeal without bond. The question at once arises: Was Bangs representing the city of Huntington in any official capacity? It is not one of the duties of the mayor of a city to act in violation of law. In this case he and other officers and employees are charged with the violation of a temporary injunction duly issued by the court, based upon the ground that they were not in the performance of any duties imposed upon them by law, but their acts were illegal and contrary to law. Had

they been performing some of the duties imposed upon them by law, and in the execution of those duties had been sued, and an adverse judgment was rendered, they clearly would have come within the statute. This court is bound by the injunction judgment of the lower court, which on appeal has been affirmed. It is too late for the appellants to say that they were performing duties imposed by law. They were violating the law. If they appeal, they must provide such bond as the court ordered.

Appellants further contend that it was not within the power of the court to render judgment assessing damages against each of them in this proceeding for the violation of a temporary injunction. They rely upon *Denny* v. *State, supra,* and *Smith* v. *Miller* (1935), 209 Ind. 55, 197 N. E. 892. The Denny Case particularly contains an exhaustive discussion of the subject, and clearly distinguishes between civil and criminal contempts. Also, the subject is discussed in the recent case of *State ex rel.* v. *Fletcher Trust Co.* (1937), ante 27, 5 N. E. (2d) 538. These authorities do not support appellants. They adhere to the rule that civil contempts generally arise out of and are filed in a civil suit. The question is presented to the court by a motion or information sworn to by the complainant on his personal knowledge, or supported by someone who has personal knowledge of the facts. The purpose of filing the motion or information is to bring before the court facts showing a violation of the court's order, entered for the protection of the rights of the complainant. The courts are clothed with the power, in such actions, to enter judgment of a coercive and remedial nature. Such judgment is entirely independent of criminal contempt, where a fine or imprisonment for a term is imposed. The above authorities and many others sustain this rule of law.

In the instant case, as above noted, the appellee filed the verified information disclosing a violation of the temporary injunction, alleging the damages suffered and praying judgment; evidence was heard; and the court found that the appellee suffered damages in the sum hereinabove stated, and assessed damages against the several appellants. The appellants assert that there is no evidence to support the court's action; that the only authority the court had was to require appellants to execute an indemnifying bond; that the question of damages should be determined on final hearing; and that the court possessed no authority to render separate judgments against the several appellants.

This court recognizes the rule, and so holds, that in cases of civil contempt a money judgment in favor of the appellee for damages suffered is a proper remedy, and the payment thereof may be enforced by a coercive order, such as imprisonment, until the judgment is paid and satisfied. As stated in the Denny Case (p. 701):

"The sole question is whether the defendant has in fact disobeyed the order and the injunction, plaintiff is not concerned with the question of whether the act of disobedience constitutes a contempt of the court. The only proper demand of the injunction plaintiff, as such, is that the court exercise its coercive power to compel the defendant to act, or to forbear to act, in accordance with the order of the injunction."

It often occurs that the same acts may be of such nature as to constitute both civil and criminal contempt, but in this case we are dealing with the question of civil contempt only. The weight of authority everywhere is that the court has ample power to coerce defendants to obey its order and to repair any damage occasioned by disobedience. The United States Supreme Court, in the case of *Gompers* v. *Buck Stove & Range Co.* (1911), 221 U. S. 418, 31 S. Ct. 492, 55 L. Ed. 797, 34 L. R. A. (N. S.) 874, in discussing this question stated (p. 443):

"In this case the alleged contempt did not consist in the defendant's refusing to do any affirmative act required, but rather in doing that which had been prohibited. The only possible remedial relief for such disobedience would have been to impose a fine for the use of complainant, *measured in some degree by the pecuniary injury caused by the act of disobedience.*" (Our italics.)

The purpose of this proceeding is to impose a liability against appellants for a disobedience of the injunction. The injunction is conclusively presumed to be valid. The status of the parties fixed thereby cannot be questioned in the contempt proceedings. The appellants have been adjudged liable for proceeding contrary to law and contrary to the injunction, and they are bound thereby. *Hawkins* v. *State* (1890), 126 Ind. 294, 297, 26 N. E. 43; *Thistlethwaite* v. *State, supra; Central Union Telephone Co.* v. *State ex rel. Board of Comm'rs.* (1887), 110 Ind. 203, 206, 10 N. E. 922, 12 N. E. 136; *Denny* v. *State, supra.*

The authorities in this state adhere to the rule that one failing to obey an order of court adjudging him guilty of contempt may be punished by imprisonment. *Perry* v. *Pernet* (1905), 165 Ind. 67, 72, 74 N. E. 609; *Denny* v. *State, supra; Gompers* v. *Buck Stove & Range Co., supra; Kerr* v. *State* (1924), 194 Ind. 147, 141 N. E. 308; and many other cases.

The court in granting an injunction is clothed with a large discretion in enforcing its obedience, and in proceedings for its violation, the extent of the punishment to be inflicted rests in the sound legal discretion of the court. 32 'C. J. 508, §887; *Ray* v. *State* (1917), 186 Ind. 396, 114 N. E. 866, 869.

While the authorities recognize that in civil contempt, where a judgment is rendered in favor of the plaintiff for damages suffered, and a punishment is fixed as a coercive measure merely, and not to punish the defend-

ant for contempt of court, nevertheless, among the powers vested in a constitutional court, there is that of maintaining its existence and dignity by punishing those who assume to treat it with contempt. This power has been held time and time again to be inherent in the court and to exist independently of statute. The authority to punish a person for resisting the process of a circuit court is placed upon the high ground that it is an inherent power originating in the Constitution, and by that instrument transmitted to the court. The courts of this state, as well as the Federal courts, recognize that the court possesses the power and authority to award to a complainant in a civil contempt proceeding, as compensation for damages suffered, a money judgment and secure it by coercive measures; if necessary, to imprison the party until such judgment is performed by the payment of the sum awarded.

Upon the proposition asserted by the appellants that the amount of judgment assessed against each of them is erroneous and excessive, it should be said that the evidence submitted to the trial court was sufficient and undisputed. The court was justified in finding the various amounts of the money judgment awarded against each appellant separately.

On the question of the discretion of the trial court in fixing the amount of the penalty, the Supreme Court of Illinois, in *Ash-Madden-Rae Co.* v. *Garment Workers' Union* (1919), 290 Ill. 301, 306, 125 N. E. 258, used the following language:

> "The court granting the injunction is clothed with a large discretion in enforcing obedience to it, and in a proceeding for its violation the extent of the punishment to be inflicted rests in the *sound legal discretion of the court,* and courts of appellate jurisdiction will not interfere with the exercise of such discretion except for its abuse."

The above quotation is illustrative of the language used by courts everywhere.

Without question the evidence in this case warranted the court in finding the amount of damages suffered by appellee. The evidence discloses the acts performed by each appellant. Under the discretionary power, the court acted within the law and the facts in exercising its discretion, and assessing the amount to be paid by each. This is not a case of an action against joint tort-feasors, but it is a case where each of the appellants was acting in his separate and individual capacity as an officer or employee of the city of Huntington, and could have been cited separately before the court for a violation of the injunction. For the purpose of avoiding a multiplicity of actions they were cited in the same petition or information.

No money judgment was entered against the appellants not parties to the injunction suit. Upon proper notice and hearing, they were adjudged to be in contempt for violation of the order, of which they had full knowledge, and were remanded to jail until they disconnected their premises from the city plant. *Shaughnessey et al.* v. *Jordan* (1916), 184 Ind. 499, 111 N. E. 622.

Upon the objection made by the appellants that the action was prematurely filed by appellee, it should be noted that when the temporary injunction was granted the appellants did not appeal therefrom, but that judgment, in so far as that case is concerned, remains in full force and effect, and the appellants are in no position to assert in this collateral proceeding that it is invalid, or that its terms may not be enforced by the court in the manner herein presented.

The evidence in the record shows an open and flagrant disobedience of the order by the several appellants; that none of them recognized the order of the court granting the injunction, but openly and defiantly extended the electric lines of the municipal plant contrary to that

order. The appellants proceeded to carry out their purpose in the same manner as if the injunction had not been granted.

There is on file in this action a petition to dismiss the appeal of the appellants, based upon statements and writings of the appellant Bangs, which are quoted therein, in which he spoke in the most contemptuous manner of the order made, and of his purpose to ignore the order, or any other order, that might be made by the trial court, or any court. Under the law in many jurisdictions such statements constitute sufficient grounds for the dismissal of the appeal as to appellant Bangs, but the conclusion reached by the court makes it unnecessary to pass upon that motion.

This court is of the opinion that the trial court was justified by the facts and by the law in entering the judgment. The appellants have presented no reversible error.

The judgment is affirmed.