STATE EX REL. ALLISON *v.* MARION MUNICIPAL COURT ROOM 4 ET AL.

[No. 28,021. Filed September 27, 1944.]

*Ira Holmes,* of Indianapolis, for relator.

*John L. Niblack,* of Indianapolis, for respondents.

PER CURIAM.—Upon relator's petition we issued a temporary writ of prohibition with rule to show cause why it should not be made permanent. Respondents' answer does not question the facts stated in the petition. Upon citation for indirect criminal contempt by violations of rules of the Municipal Court, the relator herein filed his verified answer specifically denying said violations and dis-

claiming any intent to interfere with the administration of justice by, or to cast disrespect upon, the said court or the respondent judge and relator moved for his discharge. The only contention either here or below as to the sufficiency in law of relator's verified answer is grounded upon the first proviso of § 3-910, Burns' 1933, § 887, Baldwin's 1934, which states that the procedure in the Act of 1879, of which this section (later amended) was a part, shall not be "held to embrace, limit or control any proceeding against any officer or party for contempt for the enforcement of civil rights and remedies." In other words the Act of 1879 does not apply to civil contempt. But this is not a civil contempt. The action is brought in the name of the State and charges a wilful violation of standing rules of the Municipal Court "all tending to bring this Court and the Honorable John L. Niblack into disrepute and to injure the administration of justice in the eyes of the citizens in the said County and State." Clearly relator was charged with criminal contempt. *Smith, Administrator* v. *Miller, Guardian* (1935), 209 Ind. 55, 197 N. E. 892; *Denny* v. *State* (1932), 203 Ind. 682, 182 N. E. 313; *State, ex rel.* v. *Branner* (1910), 174 Ind. 684, 93 N. E. 70. These cases hold that on a citation for indirect criminal contempt verified answer of the one so accused, if upon its face sufficient in law to purge contempt, entitles him to discharge. If the judge deems it insufficient in law, the one cited may be punished by fine or imprisonment with right to review by appeal. The judge may not, as the respondent judge herein proposes, set the matter for hearing to determine the truth of the facts alleged in the answer of the accused. If they are materially false, he may be prosecuted for perjury upon affidavit or indictment. Any hearing for investigation of their truth is for the

grand jury, not the judge before whom the accused is cited for contempt. Since the respondents are without jurisdiction to make such investigation, it follows that a writ of prohibition may issue. § 3-2201, Burns' 1933, § 1090, Baldwin's 1934.

The temporary writ restrained respondents from taking any action other than to discharge the relator. This restriction was too rigid. The respondent judge was and still should be confronted with a question of law, namely: Taking the facts stated in relator's verified answer as true and considering them in connection with the facts stated in the information upon which the citation was based, has the relator by said answer purged himself from the charge of contempt? See *Denny* v. *State, supra,* 203 Ind. at p. 707. If the judge decides this law question erroneously to relator's prejudice his remedy is by appeal. While we have the answer before us and might take a "short cut," possibly saving an appeal, orderly procedure requires that the question, in the first instance, be decided by the respondent judge. The writ therefore will be modified to restrain respondents from taking any action other than to determine the sufficiency of relator's answer, and, dependent upon such determinaton, either to discharge relator or to punish him for contempt. Thus modified the writ will be made permanent. It is so ordered.

NOTE.—Reported in 56 N. E. (2d) 493.