TUSING *v.* STATE OF INDIANA.

[No. 30,048.  Filed May 26, 1961.]

*Austin C. Gildea* and *F. LeRoy Wiltrout,* both of Elkhart, for appellant.

*Edwin K. Steers,* Attorney General, and *William D. Ruckelshaus,* Deputy Attorney General, for appellee.

ACHOR, J.—This is an appeal from a conviction in a proceedings for indirect criminal contempt of court for the violation of a temporary injunction.

Proceedings prior to the convention are as follows: Pursuant to an action filed by the Plan Commission of the City of Elkhart against the appellant, the Elkhart Superior Court had granted a temporary injunction against the appellant, the essential part thereof being as follows:

> ". . . he (the appellant Tusing) hereby is, restrained and enjoined from committing any act which will violate Section 6 of Ordinance 1692 and Section 11 of Ordinance 1680, as amended by Section 2 of Ordinance 1692, of the City of Elkhart, Indiana, by taking any measures or doing any acts to alter or change the structure located on defendant's premises . . . or to erect any additional structure thereto which would alter or change the appearance of the same, . . ."

The information for contempt of court, with which we are immediately concerned, charged that appellant had violated the restraining order by making "lasting

and material improvements in his premises, which said premises were the subject of said temporary injunction order in that he did perform additional work in installing permanent roofing on the structure located thereon; braced the building by installing plywood and wooden 1 x 4 studding; installed cornices; caused concrete to be poured on said premises; and installed glass to enclose said building."

Thereafter appellant appeared by counsel and filed his affidavit for change of judge, which was granted. After other proceedings appellant filed his verified answer. In this answer appellant, among other things, stated:

> "3. That at no time did this Defendant by a single act wilfully intend to show contempt of this Court. . . .

> "5. That when this Defendant began to take steps to preserve his property, a Restraining Order was granted to the Plaintiff, the terms of which this Defendant scrupulously adhered to until it was dissolved by operation of law at the time of issuing of the Temporary Injunction.

> "7. Upon being reassured in open court that this Order was meant to prevent him from altering the building, but would not prevent him from taking steps to shield the value of his personal property inventory of boats from the damaging effects of the elements, this Defendant did begin to put roofing material on the structure that had heretofore existed. (And) . . . that it was necessary to install plywood between the joists and to brace the installations with studding. . . ."

On the basis of the affidavits filed, and after examination by the court over the objection of the appellant of "a number of legal size sheets of paper, purporting to be an unsigned, unverified copy of some testimony of this defendant in a prior law suit," and after argument

of counsel, the court found the appellant guilty of criminal contempt of court and fixed his fine in the sum of $300.

The rules of law governing the procedure in cases of indirect criminal contempt have now been clearly defined by this court:

*One.* The court cannot hear evidence in support of the information or in contradiction of the answer. Burns' Ann. St., §3-909 (1946 Repl.). *State ex rel. Indpls. Bar Assn.* v. *Fletcher Tr. Co.* (1937), 211 Ind. 27, 5 N. E. 2d 538. Consequently, consideration of information dehors the record by the trial court over the objection of the defendant was clearly error.

*Two.* Further, as stated by this court:

> "If the facts so stated under oath are sufficient to show that no contempt was committed, the defendant must be discharged. . . . The rule thus stated is very ancient and it is still followed. Mr. Blackstone says: 'If a party can clear himself upon oath, he is discharged; but, if perjured, he may be prosecuted for perjury.' " *Zuver* v. *State* (1919), 188 Ind. 60, 63, 121 N. E. 828.

The rule was more recently recognized by this court in the case of *LaGrange etc.* v. *State* (1958), 238 Ind. 689, 693, 153 N. E. 2d 593, 69 A. L. R. 2d 668, when, in footnote 2, this court stated:

> "To an information for indirect contempt the defendant is permitted to file an answer and if he denies the charges or explains them in such a way as to show that no contempt was intended, the court is required to acquit and discharge him; . . ."

Thus, where the defendant admits having committed the acts with which he is charged, and files his answer

in explanation and defense thereof, then the question presented to the trial court initially, and to this court on appeal, is whether the defendant's answer explained his action in such a way as to show that no contempt was intended. In the presence of such an answer, the defendant must be discharged, unless the answer is insufficient as a matter of law. *State ex rel. Allison* v. *Marion Municipal Court* (1944), 222 Ind. 602, 56 N. E. 2d 493.

*Three.* In determining whether the appellant's answer is sufficient as a matter of law, the court will be guided by the following rule: Whether the contempt proceedings is a criminal action, as described in the case of *Baldwin et al.* v. *The State* (1890), 126 Ind. 24, 25 N. E. 820, or merely "in the nature of a criminal action," as stated in the case of *Ex Parte Fennig, Ex Parte Whipple* (1939), 216 Ind. 298, 23 N. E. 2d 678, the information must be construed as an indictment or affidavit. Therefore all ambiguities or uncertainties, if any, will be construed against the state. 1 Ewbanks, Indiana Criminal Law, §172 (Symmes ed., 1956).

On the basis of the above stated rules of law, we proceed to look to the express language of the original restraining order and to the circumstances under which it was issued as they appear of record to determine whether the appellant might reasonably have committed the acts, which he admittedly committed, without wilfully intending to defy the order of the court, as he states in his verified answer.

Upon examination of the original restraining order, we observe that it did not contain a clear and forthright order for appellant to cease and desist any further construction upon the structure in question. Rather, as heretofore stated, it merely enjoined the appellant

from "committing any act which will violate [a city ordinance identified in the order by reference only] . . . by taking any measures or doing any acts to alter or change the structure located on defendant's premises . . . or to erect any additional structure thereto which would alter or change the appearance of the same. . . ."

The question as to what constitutes an alteration or change to the structure of a building, within the meaning of a specific zoning ordinance, which ordinance is not made a part of the restraining order, is subject to considerable uncertainty, especially to persons unskilled in legal teminology.

Furthermore, in this particular instance we are confronted by the fact that appellant, in his verified answer, stated that he was assured in open court that the injunction would not deny him the right to protect his property by enclosing the structure as it already existed in order to preserve the structure and its contents. Although this statement was not incorporated in the record the fact of such statement is subject to belief and therefore must be accepted and considered as controlling of the issue as to whether the appellant, by the acts which he committed, intended to defy the order of the court.[1]

Under the facts of this case and the law as above stated, we conclude that the judgment of the trial court was not sustained by sufficient evidence and was contrary to law and that appellant's motion for new trial must be sustained.[2]

---

1. Consistent with this rule, it has been held that if the defendant swears falsely in his answer, the state's remedy is by a criminal prosecution for perjury. *State ex rel. Allison* v. *Marion Municipal Court* (1944), 222 Ind. 602, 56 N. E. 2d 493; *Denny* v. *State* (1932), 203 Ind. 682, 182 N. E. 313; *Hiner* v. *State* (1932), 204 Ind. 7, 182 N. E. 245.

2. The regular judge of the Elkhart Superior Court held the ordinance here in question to be invalid, prior to the filing of the

Judgment is therefore reversed with instructions to sustain the motion for new trial and for other proceedings consistent with this opinion.

Landis, C. J., Arterburn, Bobbitt and Jackson, JJ., concur.

NOTE.—Reported in 175 N. E. 2d 17.

motion for new trial. This fact was also assigned as cause for new trial.