STATE OF INDIANA ON THE RELATION OF J. MELVIN SEDAM, MEMBER, COUNTY WELFARE BOARD OF RIPLEY COUNTY, INDIANA *v.* THE RIPLEY CIRCUIT COURT AND LENDALL B. TERRY, AS JUDGE OF SAID COUNTY.

[No. 773S146. Filed October 31, 1973.]

*Phillips B. Johnson,* of Versailles, for relator.

Respondent appearing *pro se.*

## ORIGINAL ACTION

ARTERBURN, C.J.—This proceeding arises out of a Petition herein filed by the Relator citing the Respondent Judge for contempt of this Court for failure to carry out the Orders of this Court directing him to vacate certain orders made removing the Relator as a member of the Welfare Board of Ripley County. See *State ex rel. Sedam* v. *Terry* (1973), 262 Ind. 19, 301 N.E.2d 185. This Court upon the Petition for Contempt filed September 28, 1973, issued a citation against the Respondent Judge. Thereafter, on October 9, the issues were joined, and a hearing was held on the contempt citation.

At the hearing the Respondent was present personally and admitted that he understood the full impact of our order which necessarily comprehended and included the vacation of the order in which he appointed a successor, Mr. Fred E. Auel, in the place and stead of Mr. J. Melvin Sedam. On the day after the issuance of that order of August 30, 1973, the Respondent vacated the order removing Mr. Sedam, but did not vacate the order in which he appointed a successor, Mr. Auel. Respondent delayed approximately one month, until October 1, to do that. On that day the Indiana Supreme Court issued a citation against the Respondent Judge to show cause why he should not be found guilty of contempt for failure to vacate said order. During the month in which he failed to act, an opinion was handed down by this court, on September 19, making it fully plain that he was to vacate the order appointing a successor. On September 21, a special motion was filed in Respondent's court asking him to vacate

the order appointing the successor. He ignored all these matters until the day a citation against him was issued on October 1, 1973.

In the meantime, during that month, charges were brought against two members of the Welfare Board for refusing to recognize Mr. Auel, the successor Respondent appointed. Respondent filed an affidavit with this Court stating that the Welfare Board was advised by its attorney that the appointment of Mr. Auel had not been vacated. Respondent Judge had a hearing approximately one week before October 1, 1973, for the purpose of removing two Board members who refused to recognize Mr. Auel. Respondent undoubtedly knew and heard at that hearing, if he did not know otherwise, that the whole controversy turned upon his failure to make a vacation of the appointment of Mr. Auel.

It appears to this Court that this unseemly delay in executing the orders of this Court was an intentional attempt to thwart the effectiveness of the order which resulted in stirring up additional litigation in Respondent's court as well as in this Court. All of this matter could have been disposed of on August 31, 1973, when Respondent partially executed the orders of this Court. We have concluded from the evidence before us that there has been an attempt to trifle with the Court and to circumvent a compliance with the orders of this Court, thus unnecessarily requiring our time and attention and that of other public officials.

For the reasons stated we have found Respondent guilty of contempt of Court and we have fixed his punishment at a fine of Five Hundred ($500) Dollars to be paid within ten (10) days thereof. In addition, all costs of this proceeding including the transcript of this cause were to be taxed to and paid by Respondent to the Clerk of this Court.

Givan, Hunter, Prentice, JJ., concur; DeBruler, J. dissents with opinion.

## DISSENTING OPINION

DEBRULER, J.—In my judgment the sparse evidence produced by Relator in support of his citation for contempt wholly failed to demonstrate that Judge Terry intended to and did violate either the order of this Court issued as a permanent writ on August 30th, or the amended form of that order contained in the Court's opinion handed down on September 19th, and received by Judge Terry on September 21st. The permanent writ of mandate commanded Judge Terry to do the following, *instanter:*

"(a) To assign said cause number in said Court and to docket the same, and

(b) To grant a change of venue from the judge in the cause entitled 'In The Matter of The Removal of J. Melvin Sedam From the Ripley County Board of Public Welfare', and

(c) *To expunge the records of the Ripley Circuit Court* of the entry denying relator's motion for a change of venue and *of the entry of removal of the relator from the Ripley County Board of Public Welfare."* (Emphasis added.)

This order was to be carried out *instanter* in accordance with its terms. Judge Terry immediately complied with it by entering three separate orders including an order expunging the entry removing the Relator from the Board.

On September 19th, this Court's opinion contained a more specific statement of what the Court intended for Judge Terry to do, and ordered him specifically for the first time to set aside his order appointing Mr. Auel to the Board. Mr. Auel had been appointed to fill the vacancy left by Mr. Sedam's removal. The order contained in the opinion reads as follows:

"For all the foregoing reasons, the alternative writ of mandate heretofore entered is hereby made permanent. The respondent herein is ordered to vacate his order of removal, *to vacate an order appointing a successor to the board, if any has been so appointed,* and to vacate his order denying the motion for a change of venue. Further, the respondent herein is ordered to grant the change of venue from the judge." (Emphasis added.)

Nothing in this opinion required anything to be done *instanter*. On October 1st, and prior to receiving the order to show cause issued by this Court, the Judge complied with this amended order by expunging the order of appointment of Mr. Auel.

After this Court's opinion containing the amended version of the Court's order was received in Ripley County by the parties, Mr. Sedam through his attorney, on September 21st, filed a motion with Judge Terry to enter an order expunging the appointment of Mr. Auel in accordance with the opinion's dictate. Judge Terry, upon becoming aware of the motion told counsel for Mr. Sedam that he fully intended to comply with the order in the opinion to vacate Mr. Auel's appointment, and carried out that intention on October 1st, without any prompting from this Court.

In order for the Relator to sustain his burden of proving the Respondent guilty of contempt of this Court's mandate, he would necessarily be required to prove that the Respondent wilfully and intentionally defied the order of this Court. *Allison* v. *State* (1963), 243 Ind. 489, 187 N.E.2d 565; *Tusing* v. *State* (1961), 241 Ind. 650, 175 N.E.2d 17. In my view, he would be required to make such proof of intent to violate the order, beyond a reasonable doubt. 17 C.J.S. Contempt, § 84(4). At the hearing on contempt, the Respondent Judge testified under oath that he had no prior knowledge that Mr. Auel would continue to claim a seat on the Board at its September 17th meeting. I believe him. He also testified that he intended at all times to fully and completely carry out the orders of this Court. And I believe that. The physical facts of the case, including two differing orders of this Court and the ten day lag between the second order in the opinion and the trial court's order expunging the appointment of Mr. Auel, do not lead me to the conclusion reached by the majority. Even if I were to apply the "preponderance of the evidence" test, I would find that the evidence here failed to prove that Judge Terry intentionally defied the order of this Court. I

certainly do not believe that he has been proved guilty beyond a reasonable doubt.

My decision here is unaffected by the fact that I dissented to the order of September 31st contained in the permanent writ and to the opinion of the Court issued September 19th. I would not hesitate to vote for conviction if I were convinced that a party had intentionally failed to carry out an order of this Court, though I did not join the majority of the Court in issuing that order.

NOTE.—Reported at 302 N.E.2d 761.