## Vandalia Railroad Company *v.* LaFayette and Logansport Traction Company.

[No. 21,672.   Filed March 28, 1911.]

1.   RAILROADS. — *Rights of Way.—Steam.—Interurban.—Crossing Tracks.*—The statutes giving to steam railroads the right to cross other steam railroad companies' tracks (§§5195 subd. 6, 5222, 5227 Burns 1908, §§3903, 3904 R. S. 1881, Acts 1897 p. 237,

§1), and the statutes giving to interurban and street railroad companies the right to cross the tracks of steam railroad companies (§§5666, 5675 subd. 5, 5676, 5679 Burns 1908, Acts 1903 p. 125, §1, and p. 92 §§1, 3, Acts 1901 p. 461, §2), are substantially similar in granting to each class the power of eminent domain, and in requiring compensation to be paid for the rights appropriated, the differences being matters of procedure. p. 395.

2. EMINENT DOMAIN.—*Power of.*—*Delegation of.*—The right of eminent domain—the appropriation of private property for public use—is a sovereign power of the State, and the exercise thereof may be regulated, as well as delegated, by the legislature. p. 395.

3. RAILROADS.—*Rights of Way.*—*Steam.*—*Interurban.*—*Crossings.*— *Procedure.*—*Change of Venue.*—*Injunction.*—A steam railroad company desiring to cross the tracks of another steam railroad company, as well as a street or interurban railroad company desiring to cross the tracks of a steam railroad company, must determine and set out in its instrument of appropriation the precise point at which it desires to cross such tracks, which point of crossing is then for the determination of the court; and a change of venue from the county is not demandable in either case until after the filing of exceptions to the award of the appraisers, nor can an injunction to prevent the carrying out of an order to cross be granted pending an appeal. p. 396.

4. CONSTITUTIONAL LAW.—*Class Legislation.*—*Railroads.*—*Steam.*— *Interurban.*—The legislature has the right to classify steam railroads separately from street and interurban railroads, for the enactment of laws regulating the crossing of their tracks. p. 397.

From Cass Circuit Court; *John S. Lairy,* Judge.

Action by the LaFayette and Logansport Traction Company against the Vandalia Railroad Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Anderson, Parker & Crabill, S. J. Crumpacker, John G. Williams* and *M. L. Fansler,* for appellant.

*Lairy & Mahoney* and *Barrett & Morris,* for appellee.

Cox, J.—This is a special proceeding brought by appellee, an interurban railroad company, to acquire by condemnation the right to construct, maintain and operate at grade its single track road across the right of way and tracks of the appellant, a steam railroad company.

Appellant appeared and filed objections to the point of crossing named in appellee's complaint and instrument of appropriation, and this issue, which was submitted to the court by agreement, was decided in favor of appellee, and the court adjudged and decreed to appellee the right to cross appellant's right of way and tracks at grade at the point designated in the complaint and instrument of appropriation, and appointed three resident freeholders as "appraisers and commissioners" to assess the damages accruing from such appropriation and use. The appraisers returned their award, and appellant filed exceptions thereto on six separate grounds, all of which save the sixth were subsequently withdrawn. Appellee's demurrer to the sixth ground of exception was sustained, and final judgment was rendered confirming and establishing appellee's right to construct, maintain and operate its railroad across the tracks and right of way of appellant as prayed for, and requiring the amount of the award of damages paid into the clerk's office to be paid to appellant on demand.

The only error assigned is that the trial court erred in sustaining appellee's demurrer to the sixth specification of appellant's exceptions to the award of the appraisers. Under this assignment of error, appellant contends that section one of the act approved March 3, 1903 (Acts 1903 p. 125, §5666 Burns 1908), relating to the right of street and interurban railroad companies to construct their tracks across the tracks of steam railroad companies is in violation of article 1, §23, of the Constitution of the State, because said section grants to street and to interurban railroad companies certain privileges and immunities not granted to steam railroad companies upon the same terms, and that the section for the same reason denies to steam railroad companies the equal protection of the laws, in violation of the 14th amendment to the Constitution of the United States.

It is averred by appellant, as a part of its sixth exception to the award, and urged by points in its brief, (1) that an

394     SUPREME COURT OF INDIANA,

Vandalia R. Co. v. LaFayette, etc., Traction Co.—175 Ind. 391.

interurban railroad company desiring its track to cross
a steam railroad at grade is given the right to designate
the point of crossing in the first instance, and that a steam
railroad company under similar circumstances is not given
the same right; (2) that upon the filing of objections by the
steam railroad company to the point of crossing so designated
by the interurban company the crossing place becomes the
final one, unless changed by the court within ten days from
the filing of such objections, and that no such restriction
in time for the hearing is made in a proceeding where one
steam railroad company seeks the right to cross the tracks
of another company; (3) that upon the making of objections
by a steam railroad company to the point of crossing of its
tracks designated by an interurban railroad company desiring
to cross such tracks, the court is prohibited from changing
the point of crossing so named, if the cost of crossing at
another point would be materially increased, and that no
such consideration or right is given one steam railroad com-
pany in crossing another's tracks; (4) that a change of venue
is denied in a proceeding by an interurban railroad com-
pany to condemn a right of way across a steam railroad
company's tracks upon any issue relative to the point of
crossing, and that the contrary practice obtains where one
steam railroad company seeks to cross another's tracks;
(5) that the right to sue out an injunction to restrain an
interurban railroad company from the performance of acts
in connection with the crossing of a steam railroad com-
pany's tracks pending any appeal or the final determina-
tion of the proceedings, is specifically denied to the steam
railroad company, and that a contrary rule applies where
one steam railroad company is attempting to condemn a
crossing over another steam railroad company's tracks;
(6) that an interurban railroad company is given six months
from the time it may be finally determined on or after appeal
that it had not the right to cross at the point designated,
and that the point of crossing should be changed to another

point judicially determined, to make such change, and that one steam railroad company in attempting to cross another's tracks by condemnation is not so favored.

In considering the statutes in force, which give steam railroad companies the right to cross other steam railroad companies' tracks (§§5195, subd. 6, 5222, 5227

1. Burns 1908, §§3903, 3904 R. S. 1881, Acts 1897 p. 237, §1), and the statutes giving interurban railroad companies the right to cross steam railroad companies' tracks (§§5666, 5675, subd. 5, 5676, 5679 Burns 1908, Acts 1903 p. 125, §1, Acts 1903 p. 92, §§1, 3, Acts 1901 p. 461, §2), it is apparent that the central and essential thing in each case is the delegation of the identical right to exercise the power of eminent domain in furtherance of an enterprise of a public character, coupled with the same accompanying constitutional duty on the part of the one exercising the right of making compensation for the right or property taken. Whatever differences exist are largely matters of procedure.

The right of eminent domain is a sovereign power, and lies dormant in the State until by legislative action it designates the occasions, conditions, modes and agencies

2. for its exercise. The right to exercise the power, or to delegate it, and to determine the extent of its use, the occasions for its use, and the conditions under which it may be resorted to by any authorized person or corporation, all lie very largely, if not entirely, in the legislative discretion. 1 Lewis, Eminent Domain (3d ed.) §367; 15 Cyc. 567; *Consumers Gas Trust Co.* v. *Harless* (1892), 131 Ind. 446, 15 L. R. A. 505; *LaFayette, etc., R. Co.* v. *Butner* (1904), 162 Ind. 460; *Richland School Tp.* v. *Overmyer* (1905), 164 Ind. 382; *Waterworks Co.* v. *Burkhart* (1872), 41 Ind. 364; *Allen* v. *Jones* (1874), 47 Ind. 438.

The substantial right is the right to take private property by compulsory proceedings, and the manner of acquiring the property is clearly under legislative control. 1 Lewis, Emi-

nent Domain (3d ed.) §378. Many times in the legislative history of the State this power has been delegated to different persons and corporations for different purposes, with different conditions and modes of procedure suitable to the particular purpose and needs of the enterprise so empowered.

A careful consideration of the statutes before referred to, and the settled practice in condemnation proceedings, applicable to railroad crossings of both the kinds in question in this case, will disclose that the same substantial right is given; that a steam railroad company seeking to cross the tracks of another, and an interurban railroad company seeking to cross a steam railroad company's tracks, each, in the first instance, tentatively selects for itself the point on the road to be crossed at which its route and plans provide, and at which it desires to cross, and that this point is named in each case in the instrument of appropriation filed; that ultimately in each case, if contested, the point of crossing is submitted to and determined by the same tribunal, on what the legislature had a right to determine were fair and equitable terms, under the conditions.

It is not, as counsel for appellant contends, either the practice or in accordance with the law to grant a change of venue from the county in controversies over the point of crossing of the tracks of one steam railroad by another. There is no provision that either specifically or inferentially gives the right in such case, and the express withholding of the right to a change of venue in §5666, *supra*, is not the withholding of a right in the one case that is given in the other. In both cases, the proceeding is special and summary, up to the review on exceptions to the award; and from then on they become governed alike by the civil procedure governing other actions. The provision against a change of venue in §5666, *supra*, applies only to the special and summary proceeding to fix the point of crossing.

The case of *Wabash R. Co.* v. *Cincinnati, etc., Railroad*

(1902), 29 Ind. App. 546, cited as sustaining the right to a change of venue on the question of the point of crossing in crossing controversies, does not do so. The opinion in that case discloses that an application for such a change of venue was made and refused, but that after the point of crossing had been fixed by the court, and an award of compensation made by commissioners. to which exceptions were filed, another application for a change of venue was made and granted. There is nothing in §5666, *supra,* which deprives a steam railroad company of the right to a change of venue after the award and exceptions taken thereto. See, also, *Cincinnati, etc., Railroad* v. *Wabash R. Co.* (1904), 162 Ind. 303; *LaFayette, etc., R. Co.* v. *Butner, supra; Terre Haute, etc., R. Co.* v. *Indianapolis, etc., Traction Co.* (1906), 167 Ind. 193.

Nor is it true that a steam railroad company, over whose track and right of way another steam railroad company by regular proceedings in the lower court, has secured the right to cross, has the right, either specifically granted, or implied, to stop the physical crossing by injunction, pending appeal or the final determination of the proceedings. *Cincinnati, etc., Railroad* v. *Wabash R. Co., supra,* pp. 307, 308.

Whatever differences exist in the conditions with which the principal right granted to each class of railroads is accompanied are minor, and do not make the right 4. granted to one class materially greater or less than that granted to the other and are based on existing and inherent differences relating to the subject-matter of the legislation which the legislature had full warrant to consider. Counsel for appellant point to the facts alleged in their exception—that " both steam railroads and interurban street railroads are constructed in practically the same manner, with grades and embankments, with cross-ties laid thereon and steel rails, with sidings and turn-outs constructed in the same manner, and both engaged in * * * carrying passengers and freight for hire, * * *

398     SUPREME COURT OF INDIANA,

Vandalia R. Co. *v.* LaFayette, etc., Traction Co.—175 Ind. 391.

with no practical difference except motive power," as show-
ing conclusively that the legislature in enacting the pro-
visions complained of as being advantageous to interurban
railroad companies, did so arbitrarily and capriciously, in-
tending thereby to give to such companies an unfair advant-
age over steam railroads. Such an intent is not manifest,
and cannot be presumed to aid appellant's assault upon the
statute in question. ˌ Other physical differences than
these noted by appellant, and considerations of public in-
terest, mark a line between steam railroads and interurban
railroads, and the legislature at the time of considering the
enactment, of the sections granting the right of the latter
class of companies to cross the tracks of the former, must
be presumed to have intended to adjust their relations in
that respect with a view to promoting the public welfare,
consideration of which is the primary authority in any case
for delegating the sovereign power of eminent domain.

That there is such an inherent difference between steam
railroads on the one hand and those named in §5666, *supra,*
and designated therein as "street railroads, interurban
street railroads or suburban street railroads" on the other,
as justifies placing them in different classes for certain leg-
islative purposes, is conceded by appellant to be settled.
*Chicago, etc., R. Co.* v. *Railroad Com., etc.* (1910), 173 Ind.
469, and cases cited and reviewed.

And if it be conceded that there is a material difference
in the respects asserted, in the acts of the General Assembly
granting the right to steam railroad companies to cross the
tracks of other steam railroads, and the right granted by
§5666, *supra,* to street railroad companies and interurban
railroad companies, it cannot be said that the difference
is not based on reason inhering in a manifest difference in
the two classes of roads in the matter of track crossings.
It may be conceded that the General Assembly in enacting
§5666, *supra,* together with the grant of the principal right
of a street or interurban railroad company to cross the tracks

of a steam road, also enacted certain details relating to the right and the procedure to obtain it which may be beneficial to a street or interurban railroad company and which are not found in enactments giving to steam railroad companies a right to cross the tracks of other steam roads, but it does not follow that the constitutional provisions named were thereby violated. Interurban railroads at the time of the enactment of this section were much newer enterprises than steam railroads; they were to a degree called into being by the development and growth of the State; they were frequently limited and local in their scope. Because their trains consisted principally of single cars equipped with a motive power and appliances whereby they could be quickly started and stopped, they met peculiarly, as the steam roads with their long trains did not and could not well do, those intimate daily needs of our urban, suburban and farm residents for a frequent service of a quick and economical means of intercourse, stopping not only at central stations in cities, towns and villages, but at convenient stations at street and highway crossings and elsewhere, to receive and discharge passengers and light freight, all to the welfare of the State and the convenience and benefit of her citizens. In a measure they were competitors of the steam railroad companies. These and other considerations may well have been in the minds of the lawmakers, and it may have been their intent, acting for the public good, to facilitate the construction of interurban roads and to restrain the power of the senior and more powerful steam railroad companies to hinder and obstruct by the delays of procedure in this very matter of track crossing. It is also obviously true that by reason of inherent differences the burden added to the easement of a steam railroad company by the crossing of an interurban railroad is not so great, either by physical injury to the track and roadbed of the steam road, or from the danger and consequence of collisions, as that added by the crossing by the tracks of another

steam road. This comes from the fewer and lighter cars, the different motive power, the light single car movement of the interurban, and the quicker and more responsive control, as compared to the long and heavy trains of a steam railroad company.

It follows that the section in question is not open to the constitutional objections urged against it.

Judgment affirmed.