STATE, EX REL. JONES, *v.* WILLIAMS, SPECIAL JUDGE.

[No. 23,311.    Filed January 31, 1918.]

1. MANDAMUS.—*Control of Judicial Action:—Change of Venue.*— A motion for change of venue in an appeal from an order for the improvement of a street, under §8710 Burns 1914, Acts 1909 p. 412, raised a judicial question as to the construction of the statute, and the action of the court in denying the change cannot be reviewed or reversed in an original action to mandate the judge to grant the change. p. 90.

2. MUNICIPAL CORPORATIONS.—*Appeal.—Street Improvement.*— An appeal being expressly denied in proceedings under §8710 Burns 1914, Acts 1909 p. 412, the decision of the trial court on all questions of law or fact is final. p. 91.

Original action by the State of Indiana, on the relation of Herbert F. Jones, against Joseph W. Williams, as special judge of the Knox Circuit Court, for a writ of mandate. *Mandate denied.*

*Charles E. Cox, J. P. L. Weems, William M. Alsop, J. W. Kimmell* and *Curtis G. Shake,* for relator.

*W. H. Hill* and *A. J. Padgett,* and *Charles E. Henderson,* for defendant.

LAIRY, J.—This is an original action brought in this court under the second proviso of an act of the general assembly of this state in force March 8, 1915.    Acts 1915 p. 207.    The question presented for decision arises on the demurrer to the complaint.    The complaint shows that on May 17, 1917, a proceeding was pending in the circuit court of Knox county before the Hon. Joseph W. Williams, special judge, and that a proper motion and affidavit for a change of venue from the county was filed therein by the relator and that the court overruled such

motion and refused to grant such change of venue. The relief sought is that this court issue a writ of mandate requiring the defendant as such judge to grant the change of venue.

The proceeding in which the change of venue was asked was an appeal from a final order for the improvement of a certain street in the city of Vincennes.

1. The proceedings which resulted in the order appealed from were conducted under the provisions of §8710 Burns 1914, Acts 1909 p. 412. After the final order was made objections by the requisite number of property owners were filed upon every one of the grounds prescribed by statute. On the filing of such objections, the clerk of such city made out and filed with the clerk of the Knox Circuit Court a copy of such order of improvement and of such objections as provided by the section of the statute heretofore cited. The same section provides the manner in which the objections shall be heard and determined by the court. It was in this proceeding that the motion of relator for a change of venue was filed and denied as before stated.

In determining whether a change of venue was allowed by law in this proceeding it was necessary for the court to place a construction on the section of the statute to which reference has been made. A judicial question was thus presented for the decision of the trial court which was determined adversely to appellant's contention. Judicial action cannot be controlled by a writ of mandamus. *State, ex rel. v. Winterrowd* (1910), 174 Ind. 592, 595, 91 N. E. 956, 92 N. E. 650, 30 L. R. A. (N. S.) 886. Mandamus proceedings cannot be made to serve the purpose of an appeal or a writ of error in reviewing or reversing the judicial action of an inferior tribunal. *State, ex rel. v. Wrigley, Judge* (1918), *ante* 78, 118 N. E. 353.

An appeal being expressly denied by the statute under

Terre Haute, etc., Traction Co. *v.* Wolford—187 Ind. 91.

which the proceeding arose, the decision of the trial court on all questions of law or fact is final.

2.   The demurrer to the complaint is sustained on the authority of *State, ex rel.* v. *Wrigley, Judge. supra.*

NOTE.—Reported in 118 N. E. 564.   See note p. 84.