### STATE, EX REL. HARRINGTON *v.* FORTUNE, JUDGE OF CLARK CIRCUIT COURT.

[No. 25,106.   Filed March 9, 1926.]

1. ATTORNEY AND CLIENT.—*One admitted to bar in one county not entitled to mandate circuit judge in another county, to which he has removed, to place his name on roll of attorneys.*— One who has been admitted to practice law in one county is not entitled to have the Supreme Court mandate the judge of a circuit court in another county, to which he has removed, to place his name on the roll of attorneys, in the absence of any showing that the court had investigated his moral character and found it good.   p. 349.

2. MANDAMUS.—*Circuit court cannot be mandated to reach designated conclusion in judicial inquiry or to render particular judgment.*—A circuit court cannot be mandated to reach a designated conclusion in a matter submitted to it for judicial determination or to render a particular judgment as a result of a judicial inquiry.   p. 349.

3. MANDAMUS.—*Supreme Court does not have jurisdiction of proceedings to mandate circuit court to place attorney's name on roll of attorneys.*—An attorney who, after admission to the bar in one county, moves to another county and opens an office there for the practice of law, cannot maintain an action in the Supreme Court to mandate the judge of the circuit court to place his name on the roll of attorneys, as the Su-

State, ex rel., *v.* Fortune, Judge—197 Ind. 345.

preme Court's jurisdiction to issue writs of mandate is limited to proceedings in aid of its appellate jurisdiction, or to compel the performance by other courts of duties enjoined upon them by law.   p. 350.

Original proceeding in the Supreme Court.

Petition by the State of Indiana on the relation of Joseph Harrington asking the Supreme Court to issue a writ of mandate to James W. Fortune as judge of the Clark Circuit Court. *Proceeding dismissed.*     ₒ

*J. J. M. LaFollette* and *C. K. McCormack,* for petitioner.

*Jonas G. Howard, Wilmer T. Fox, William A. Pickens* and *James Ogden,* for respondent.

PER CURIAM.—This is an original action in the Supreme Court to obtain a writ of mandamus.   The relator has alleged in his petition that he was duly admitted to practice law in the Grant Circuit Court, of Grant county, Indiana, on September 12, 1925, and four days later moved to the city of Jeffersonville, Clark county, Indiana, and opened an office there for the practice of law, and ever since said time has held himself out as a practicing attorney in the city of Jeffersonville.   That after his location there, he appeared as counsel in the Clark Circuit Court for a client named in the petition, and presented an authenticated copy of his said admission to practice in the Grant Circuit Court, and asked that his name be placed on the roll of attorneys of the Clark Circuit Court, and that he be permitted to appear and act as attorney for his said client.   But that the Clark Circuit Court refused to give him recognition as a practicing attorney at the bar of that court, and still so refuses.   "Wherefore, relator prays for an alternative writ of mandate, directing and ordering the said James W. Fortune, Judge of the Clark Circuit Court, to recognize and permit the said relator the full privileges and rights of a practicing

attorney in said court." There was no allegation deny-
ing that the Clark Circuit Court had already inquired
or set about inquiring into the moral character of the
applicant who thus offered to practice at its bar, or
denying that it had determined or undertaken to deter-
mine for itself what his moral character was, nor any
allegation that it had failed to make such an inquiry
and determination, or that relator had asked the court
or the judge to make an inquiry, or to determine any
question as to his moral character.

A verified motion to dismiss this action for the al-
leged reason that the writ of mandamus is not asked in
aid of the appellate powers and functions of the Su-
preme Court, nor to compel the performance of any duty
enjoined by law upon the Clark Circuit Court or the
judge of that court, and therefore that the relief asked
is not within the jurisdiction of the Supreme Court to
grant, has been filed by the respondent. §1244 Burns
1926, §1, ch. 87, Acts 1915 p. 207.

In support of the motion, respondent has filed a duly
certified transcript of proceedings in the Clark Circuit
Court, of Clark county, Indiana, "In the matter of the
application of Joseph Harrington to practice law in the
Clark Circuit Court and in Clark county," which shows
that relator's certificate of admission to the bar in
Grant county was presented to the Clark Circuit Court
on October 7, 1925, that a motion was then made that
his moral character be inquired into by the court, that
on eighteen different dates thereafter, in the months
of October, November and December, 1925, that court
made orders in the matter of such application, and that
the last of these orders, made on December 19, 1925,
recited a finding that the showing by relator of cause
why his application should not be stricken from the
files for contempt of court was insufficient, and con-
cluded with the following judgment:   "It is therefore

considered and adjudged by the court that the application of Joseph Harrington be stricken from the files because of the said failure of said applicant to appear before Margaret E. Hines, court reporter, on December 2, 1925, for examination under the order entered by this court on November 17, 1925, and that the intervenor recover of said applicant his costs   *   *   *   to which ruling of the court the said applicant excepts."

A brief in support of the motion to dismiss was filed with it, and the relator has since filed his brief. In that brief he tacitly admits the truth of the facts stated in the motion and in the certified transcript filed with it, and only says that: "The status of the above cause is somewhat irregular, growing out of an act of courtesy shown the court and bar of Clark county, not provided for by the law in such cases.   *   *   *   At the most, in said proceedings, if the court attempted to inquire into the moral character of said relator, the matter is not in such condition that the relator may appeal from said action."

Relator cites and relies upon the statute which reads as follows: "Whenever any person has been admitted to practice law in a court of record in any county, he shall be entitled to receive from the clerk a certificate of admission which shall authorize him to practice law in all courts of this state; but any court may, at any time, inquire into and determine for itself the moral character of any person practicing or offering to practice law in such court."   §1034 Burns 1926, §998 Burns 1914, §963 R. S. 1881.

The question arises whether a court which is not shown to have determined for itself the moral character of one admitted to practice law in the circuit court of another county, and more especially a court that had set about to "inquire into and determine for itself the moral character of" such member of the bar

of another county offering to practice before it, but which was baffled and prevented by the refusal of that person to appear and submit to examination with relation to the matters in issue in such inquiry, is charged with a clear legal duty to recognize the applicant as a member of its own bar, without having determined for itself that he is a person of good moral character, and whether, because of the existence of that duty, the Supreme Court has jurisdiction, under its power of issuing writs of mandamus to circuit courts "compelling the performance of any duty enjoined by law upon such circuit courts," to issue a writ commanding the circuit court to so recognize him.

The statement of this question is its own sufficient answer. Relator is not here with a showing that the Clark Circuit Court or the judge of that court refused to "inquire into and determine for itself his moral character," when he attempted to practice before it, nor is he asking for a writ of mandamus compelling the court or the judge to do so. But he seeks to obtain a writ commanding that he be recognized as a qualified attorney, whatever the result of such an inquiry may have been or may be. In setting about to "inquire into and determine for itself the moral character of any person practicing or offering to practice law in such court," the judge of the Clark Circuit Court would exercise a judicial function. And mandamus does not lie to control the action of a circuit court by commanding it to reach a designated conclusion in a matter submitted to it for judicial determination, or to render a particular judgment as the result of a judicial inquiry. *State, ex rel.,* v. *Wrigley, Judge* (1918), 187 Ind. 78, 82, 118 N. E. 353; *State, ex rel.,* v. *Williams, Judge* (1918), 187 Ind. 89, 90, 118 N. E. 564; *State, ex rel.,* v. *Leathers, Judge* (1925), *ante* 97, 149 N. E. 900, 901.

The facts alleged in the petition for a writ of mandamus do not bring this cause within the jurisdiction of the Supreme Court to issue such writs, while

3.   the facts shown by the verified motion to dismiss and the certified copy of the record of proceedings in the Clark Circuit Court affirmatively disclose that it cannot be brought within such jurisdiction by amendment.   And since the truth of those facts is not denied, but is tacitly admitted by the relator, we think it best finally to end the proceeding by entering a dismissal.

The motion to dismiss relator's petition is sustained and this action is dismissed.