STATE EX REL. AMERICAN TRUST & SAVINGS BANK *v.*
SUPERIOR COURT OF VANDERBURGH COUNTY ET AL.

[No. 26,250.   Filed December 22, 1933.]

Craig & Mitchell, Walton N. Wheeler, Jr., James M. Ogden, Attorney-General, Charles F. Werner, Assistant Attorney-General, and Walker & Walker, for relator.

Phelps F. Darby and L. Russell Newgent, for respondents.

FANSLER, J.—This is a petition for a writ prohibiting the Superior Court of Vanderburgh County, and the Judge thereof, from proceeding further in an action pending in that court in which a creditor of the American Trust & Savings Bank seeks a judgment on behalf of himself and all other creditors of the bank, against its stockholders upon their constitutional liability.

The complaint in the court below, as well as the complaint here, alleges that the bank in question is in voluntary liquidation under supervision of the state banking department. That the bank commissioner caused an audit to be made and found the bank solvent, but it is alleged in the complaint below that the bank is, in fact, insolvent, and the plaintiff asks judgment for $250,000.00, which is the full amount of the stockholders' liability. Incidentally, it asks that the court cause an independent audit of the books of the bank to be made, and that it appoint a receiver to take charge of the funds arising out of any judgment that may be rendered against the stockholders, and that it determine the respective rights of the creditors in the funds.

The defendants below filed an answer in abatement in which they assert that the action seeks to have the Superior Court exercise visitorial powers over the bank, and that the court does not have jurisdiction to exercise such powers, and that the state banking department is vested by statute with exclusive control over banks.

A demurrer to this answer was sustained, and it is alleged here that the respondents threatened to proceed with the matter of getting the cause at issue, and will, before the trial, order the records, books, papers and other documents of the bank turned over to the plain-tiff, or someone appointed by the court, for inspection and audit, and will render judgment against the defend-ant stockholders in the suit, notwithstanding the fact that it is being liquidated under supervision of the banking department, and has been found by the bank-ing department to be solvent and able to pay its deposi-tors and other creditors.

An alternative writ was issued. Thereafter Luther F. Symons, bank commissioner, and the Old National Bank in Evansville, trustee of the estate of James A. Hemenway, deceased, were granted leave to intervene.

Many briefs have been filed, and the cause has been argued orally. In argument and brief both sides have presented the questions involved in the action below. Whether the visitorial powers of the bank commissioner are exclusive and preclude an investigation of the bank's affairs by the court, whether an action will lie against the stockholders of a bank pending its volun-tary liquidation as a solvent bank, and every other ques-tion that goes to the merits of the action and that would be presented on demurrer, or at the trial in the court below, seems to have been briefed. But little attention has been given to the merits of the cause. pending here.

The Superior Court of Vanderburgh County is a court of general jurisdiction. It has jurisdiction of civil actions based on money demands, and has general equitable jurisdiction. The plaintiff be-low had the right to invoke the jurisdiction of that court, and personal service was had upon the defendants, who have not questioned the court's terri-

torial jurisdiction over them. Whether the plaintiff below is entitled to succeed in his action and have judgment against the stockholders, whether he is entitled to have an independent audit of the books of the bank, or shall merely have the right to call the banking department's representatives as witnesses, whether his action will lie pending the liquidation of the bank as a solvent institution, and all other questions arising on his complaint, must be determined by the trial court. This court will not pass upon such questions in advance of a determination by the trial court. If the court below should enter judgment against the stockholders, or should make an interlocutory order for an independent audit of the bank, there is a remedy by appeal. Since the court has general civil and equitable jurisdiction, and jurisdiction of the persons of the defendants, it has jurisdiction to determine whether the complaint states a cause of action, and whether the plaintiff is entitled to the relief demanded, or any of it. In the decision of those questions it acts judicially, and the exercise of its judicial discretion will not be controlled or interfered with by this court except on appeal. *State ex rel. Weatherholt* v. *Perry Circuit Court et al.* (1933), 204 Ind. 673, 185 N. E. 510; *State ex rel. Jones* v. *Williams, Judge* (1918), 187 Ind. 89, 118 N. E. 564; *State ex rel. Wheeler* v. *Leathers, Judge* (1925), 197 Ind. 97, 149 N. E. 900.

The temporary writ of prohibition heretofore issued is vacated and dissolved, and the petitions for writs of prohibition are denied.