STATE EX REL. SHEPHERD *v.* NICHOLS, JUDGE

[No. 27,599.   Filed October 22, 1941.]

*Maurice W. Graston* and *Paul R. Schnaitter*, both of Madison, for relatrix.

*Paul F. Dowell*, of Madison, for respondent.

ROLL, J.—On August 12, 1941, the relatrix, Barbara Marie Shepherd, filed in this court her petition for a writ of mandate and prohibition against the respondent Harry E. Nichols, Judge of the Jefferson Circuit Court. An alternative writ was issued.

On August 22, the respondent filed his response and a petition to strike out and dissolve a certain part of the order. From the petition and response it is made to appear that on July 26, 1941, one Earl W. Shepherd filed an action for divorce against Barbara M. Shepherd in the Jefferson Circuit Court of which the respondent Harry E. Nichols is the sole judge. The plaintiff in the divorce action at the time he filed his complaint also filed an application for an interlocutory order to restrain the defendant from disposing of certain property. In the application he alleged that an emergency existed for such an order, and that the same should be issued without notice to the defendant.

In the application plaintiff asked the court to restrain and prohibit the defendant from selling, encumbering or in any way disposing of certain personal property which he described as community property. Plaintiff also claimed that the defendant had possession of one

automobile, a deed to certain real estate and one lot of tools, which was his own property, and which the defendant refused to deliver to the plaintiff. He asked the court to order defendant to deliver possession of this property to him immediately. The court issued the order as prayed without notice to the defendant.

During all of the proceedings mentioned therein, the court was in vacation and all orders and proceedings were had in chambers.

On July 30, the defendant by her attorney appeared to said divorce action and filed with the clerk of the Jefferson Circuit Court a vacation notice that she intended to file an affidavit and motion for a change of venue from the judge. § 2-1405 Burns' 1933, § 210, Baldwin's 1934, Acts 1881 (Sp. Sess.), ch. 38, § 259, p. 240.

On August 1, Earl W. Shepherd filed an information under oath wherein he asked that an attachment be issued against the defendant for failure to obey the interlocutory order of court. After a hearing was had on this information it was dismissed, but apparently the matter was taken up shortly thereafter to-wit: On August 5, upon the court's own motion and after some argument the court told the defendant that he would give her until three o'clock in the afternoon to comply with the order and deliver the automobile, the deed, and tools to the plaintiff. The defendant did not obey the order and appear in court with her attorney at three o'clock in the afternoon, but neither plaintiff nor the judge was present in court. On August 6, 1941, the petitioner charges that about 5:30 o'clock p. m. and during a half-holiday the respondent herein presented an affidavit to the deputy sheriff directing him to sign the same which he did. The same was filed and it was an information of contempt. The court

ordered the defendant to appear on August 7, to show cause why she should not be punished for contempt of court. The defendant however was not served with notice of this order. The writ of the sheriff shows that he was unable to find the defendant. On August 7, an attachment was issued for the defendant. On the same day the defendant, by her attorney, filed a motion to discharge the rule to show cause and return of attachment and also a demurrer to the information. This motion and demurrer apparently remain undisposed of. On the 11th day of August, the defendant filed her motion and affidavit for a change of venue as theretofore set forth in the notice. The court on the same day overruled the motion for a change of venue.

The relatrix in her application for a writ of mandate asked that this court mandate the respondent to grant the change of venue, and the petition further requested that the respondent be prohibited from taking any action with reference to the contempt proceedings, basing her claim on the grounds that the court was without jurisdiction after the motion and affidavit for a change of venue were filed. The alternate writ was issued as prayed. The respondent in his response to the writ says that he is willing to obey the mandate of this court and grant the change of venue but asks that the writ of prohibition be striken out and the order be modified accordingly.

It is apparent from the record that the controversy herein was provoked because the court ordered the petitioner herein to deliver the automobile to Earl W. Shepherd, without notice to her and without an opportunity to be heard and without providing any restrictions upon the sale or disposition of the same until the matter could be determined upon

final hearing. It must be conceded that there is much equity in petitioner's position. Generally speaking the court in issuing interlocutory orders, affecting personal property in pending actions, should protect both parties until the matter can be determined upon final hearing. By so doing the court will protect itself from criticism and do no injustice to either party. However this may be, the court, we think, had jurisdiction to make such an order. By the express provisions of § 3-1216 Burns' 1933 (Supp.), § 923, Baldwin's Supp. 1939, pending a petition for divorce, the court, or in vacation, the judge thereof may make, and by attachment enforce, such orders for the disposition of the person's property and children of the parties as may be deemed right and proper. Since the judge of the Jefferson Circuit Court had jurisdiction to make the order complained of, it is not for this court to decide in this action whether the order complained of was a correct or erroneous order, since this is a matter that could be presented on appeal. *State ex rel. Mock* v. *Whitley Circuit Court* (1937), 212 Ind. 224, 8 N. E. (2d) 829. We hold that the court had jurisdiction to issue the order herein, and had jurisdiction to enforce said order by contempt proceedings.

The writ heretofore issued, in so far as it prohibited the respondent from taking any further action therein, is striken out and dissolved. The mandate to grant petitioner's application for a change of venue is made permanent.

It is so ordered.

NOTE.—Reported in 36 N. E. (2d) 931.