STATE OF INDIANA EX REL. BEVERLY SHORES HOTEL CORPORATION, ETC., ET AL. *v.* FLEISHBEIN, JUDGE OF SUPERIOR COURT OF PORTER COUNTY.

[No. 29,070. Filed October 8, 1953.]

Robert H. Moore and Louis S. Feinn, both of Gary, for petitioner.

Leo J. Clifford, of Valparaiso, and George E. Hershman and Robert W. Gericke, both of Crown Point, for respondents.

FLANAGAN, J.—Petitioner seeks a writ of prohibition against the Superior Court of Porter County, a court of general jurisdiction, and the Judge thereof, in a cause in which a complaint was filed charging the relators herein with engaging in the sale of alcoholic beverages in violation of law. That court issued a restraining order against the relators. Petitioner in this court asks that the enforcement of that order be prohibited. The petition must be denied.

Courts of general jurisdiction ordinarily have jurisdiction of this class of cases, and in this instance such jurisdiction is also specifically conferred by statute. Sections 12-704 and 12-705, Burns' 1942 Replacement.

This court will issue a writ only when the lower court attempts to act beyond its lawful jurisdiction, and not because the court has taken merely erroneous action, as a remedy exists by appeal. *State ex rel. Mock* v. *Whitley Circuit Court* (1937), 212 Ind. 224, 8 N. E. 2d 829; *State ex rel. Shepherd* v.

*Nichols, Judge* (1941), 219 Ind. 89, 36 N. E. 2d 931; *State ex rel. Williams* v. *Goshorn* (1942), 220 Ind. 369, 43 N. E. 2d 870; *State* v. *Roberts* (1948), 226 Ind. 106, 76 N. E. 2d 832, 78 N. E. 2d 440. Where the wisdom and propriety of the lower court's decree only is questioned, and not its jurisdiction, a writ of prohibition will not issue. *State* v. *Roberts, supra.* Prohibition may not be used to secure a Supreme Court decision upon matters which the trial court should first decide. *State ex rel. Am. T. & S. Bank* v. *Superior Court* (1933), 206 Ind. 1, 188 N. E. 203; *State ex rel. Allison* v. *Marion Municipal Court* (1944), 222 Ind. 602, 56 N. E. 2d 493.

Petitioner's application for a writ of prohibition is denied, and the temporary writ heretofore issued by this court is dissolved.

Gilkison, J., not participating.

NOTE.—Reported in 114 N. E. 2d 662.