235 Ind. 556 (1956)
135 N.E.2d 520
STATE OF INDIANA EX REL. MILLER ET AL.
v.
KROGER, SPECIAL JUDGE, SUPERIOR COURT OF MARION COUNTY, ETC.
No. 29,426.
Supreme Court of Indiana.
Filed June 26, 1956.
*558 Thos. E. Garvin, of Indianapolis, for relators.
R.M. Kroger, pro se.
ACHOR, J.
In June of 1954, the relators Daniel C. Miller and Ann Miller filed suit in Superior Court of Marion County to set aside a judgment for the foreclosure of a mortgage and to have the sale held thereunder declared cancelled. In that action relators asserted that the judgment for foreclosure was entered against them by default without notice or service of process upon them and therefore void. In the action the defendants petitioned the court to appoint a receiver pendente lite to collect rents and profits of the real estate involved in the action. The court granted the petition in July, 1954, appointed a receiver who qualified and has since been performing his duties under the direction of the Superior Court of Marion County.
The relators herein thereafter filed an affidavit for change of judge before Judge Norman C. Brennan, the regular judge of said court. Thereupon R.M. Kroger was selected and qualified as special judge. Thereupon, on January 27, 1955, upon application of relators herein, a change of venue from the county was granted and the cause transferred to the Circuit Court of Hancock County. A trial was had in the latter court and, on April 16, 1956, said court decreed and adjudged that the judgment of foreclosure and the sale of real estate pursuant thereto were void and of no effect. On May 8, 1956, the receiver filed a petition for a citation for contempt of court to be issued to Daniel C. Miller alleging that after the judgment said Miller had notified all tenants that all future rents should be paid to himself. Thereupon, on the same date, R.M. Kroger, special judge, entered an order directing said Miller and all tenants of the property to appear before him in *559 Marion Superior Court on May 10, 1956, to show cause why said Miller should not be held in contempt and the tenants evicted from the real estate involved, and to determine partial receivership fees. Prior to the hearing, on May 9, 1956, relators filed their petition for a temporary writ of prohibition in this court against said proceedings, which writ was granted. We are now concerned with the propriety of this latter action by this court.
Since the very purpose of a writ of prohibition is to confine lower courts to and restrain them from exceeding their jurisdiction, State ex rel. Pub. Serv. Com. v. Marion C. Ct. (1951), 230 Ind. 277, 100 N.E.2d 888, 103 N.E. 214; State ex rel. Meloy v. Barger (1949), 227 Ind. 678, 88 N.E.2d 392, we are here presented with three major issues asserted as reasons why respondent was without jurisdiction to pursue the proceedings initiated by its order of May 8, 1956:
First, did the jurisdiction over the receivership estate remain with the Circuit Court of Hancock County by the change of venue from the county?
The statute which prescribes the effect of a motion for change of venue in an action wherein a receiver has been appointed is as follows:
"In any action, proceeding or matter of any character or nature whatsoever relating to, connected with, or involving a receivership estate, any of the parties thereto shall be entitled to change of judge or a change of venue from the county for the same reasons and upon the same terms and conditions upon which there may be a change of judge or a change of venue from the county in any civil action: Provided, however, that nothing contained herein shall be construed to authorize a change of venue from the county concerning expenses allowed by the court incidental to the operation, management or administration of the receivership *560 estate or to authorize a change of venue from the county upon any petition or proceeding to remove a receiver or to authorize a change of venue from the county upon the objections or exceptions to any partial or final account or report of any receiver, and hereafter there shall be no change of venue from the county of the administration of any receivership estate or upon objections or exceptions to any partial or final account or report of any receiver."
Sec. 3-2618, Burns' 1946 Repl. (Acts 1937, ch. 109, sec. 3, p. 511.)
It seems clear then that, in view of the above statute, the change of venue from the county did not transfer the receivership estate from the jurisdiction of the Superior Court of Marion County. Intern'l Union, etc. v. Hoisting and P. Eng., etc. (1953), 231 Ind. 634, 110 N.E.2d 332, and cases cited.
Second, the question is presented as to whether R.M. Kroger, as special judge, or Norman C. Brennan, as regular judge of the Superior Court of Marion County, had jurisdiction over the receivership estate. This question was settled in the case of State ex rel. Glamack v. Horn (1950), 228 Ind. 567, 571, 94 N.E. 483. In that case, after pointing out the difference which exists in the statutory rules relating to change of venue from the county and change of judge in receivership estates, this court stated: "... the granting of a change of judge gives to the special judge jurisdiction of the main cause of action and the ancillary receivership."
We conclude, therefore, that, regardless of the change of venue of the main cause to the Circuit Court of Hancock County, the Superior Court of Marion County and R.M. Kroger, as special judge, retained jurisdiction of the receivership.
*561 Third, we are confronted with the question as to whether the final determination of the main cause of action in the Circuit Court of Hancock County, adversely to the defendants on whose petition the receiver was appointed, served to automatically terminate the authority of the receiver in the receivership estate and also terminate the authority of R.M. Kroger, as special judge, to exercise jurisdiction over the receivership proceedings, which were ancillary to the main cause of action. Clearly the mere filing of a certified copy of the decree terminating the case in chief from the Circuit Court of Hancock County in the receivership proceedings in the Superior Court of Marion County, would have necessitated the termination and liquidation of the latter proceedings. However, this procedure was not followed by relators. Instead, relators come to this court asking for a writ of prohibition. The rule upon the issue presented has been stated as follows:
"Whenever the reason or necessity for a receivership ceases to exist the property should be discharged therefrom, although the mere coming into existence of this state of things does not ipso facto discharge the receiver.
"Interested parties may move the discharge of a receiver at any time, and present the question of the situation existing at the time the motion is filed. .. ."
75 C.J.S., Receivers, Sec. 92, pp. 737, 738.
"The mere termination of the suit by abatement, dismissal, discontinuance, or otherwise does not ipso facto operate to discharge the receiver; he is not relieved from his duties ... until it (the property) shall be taken from his possession by an order of the court; ..."
75 C.J.S., Sec. 92, pp. 739, 740.

*562 "The end of the suit, its final adjudication, gives cause for the discharge of the receiver, but does not, ipso facto, effect his discharge, which results only from an order or decree of court so directing. After the settlement of the suit the receiver must have time and opportunity to prepare and present his accounts and for the adjustment of the details of the receivership; ..."
Beach on Receivers, Sec. 796, p. 869.
This language clearly indicates that, until the court so orders, the receiver is not relieved from his duties,[1] and this is true, even though the facts are such to make the dissolution of the receivership mandatory, if properly presented to the court.
Under the circumstances of this case, the Superior Court of Marion County, and the Circuit Court of Hancock County, were courts of equal, independent and concurrent jurisdiction. The former, although bound by the judgment of the latter, could not take judicial knowledge of the records of the latter. The former had jurisdiction to sustain its duly appointed receiver in the conduct of his office by contempt proceedings, if necessary, so long as such receiver retained his office.
We conclude, therefore, that the respondent had jurisdiction to issue its order of May 8 and to hear evidence relative thereto. It is assumed that the facts which relator presents to us in this action would then be presented to the trial court. We must assume also that, confronted with the facts, respondent's decree will be governed by the law as applied to these facts. If the trial court should then refuse to take appropriate action in the matter or abused his discretion in his action, relators would have appropriate redress by direct action to this court or by appeal. However, *563 the rule is well settled that "... Prohibition may not be used to secure a Supreme Court decision upon matters which the trial court should first decide. State ex rel. Am. T. & S. Bank v. Superior Court (1933), 206 Ind. 1, 188 N.E. 203; State ex rel. Allison v. Marion Municipal Court (1944), 222 Ind. 602, 56 N.E.2d 493." Flanagan, Wiltrout and Hamilton's Indiana Trial and Appellate Practice, Sec. 2991, ch. 63, p. 457.
The temporary writ of prohibition is therefore dissolved and the petition is denied.
Landis, C.J., Arterburn, Bobbitt and Emmert, JJ., concur.
NOTE.  Reported in 135 N.E.2d 520.
NOTES
[1] Young v. Miller (1940), 228 Iowa 741, 292 N.W. 845.