STATE OF INDIANA ON RELATION OF MILLER *v.* KROGER, SPECIAL JUDGE OF MARION SUPERIOR COURT, ROOM 4.

[No. 29,457. Filed January 9, 1957.]

Thomas E. Garvin, of Indianapolis, for relator.

Bamberger & Feibleman, of Indianapolis, for respondent.

PER CURIAM.—On July 16, 1956, relator filed his petition herein for writ of prohibition seeking the identical remedy which was denied him in State ex rel. Miller et al. v. Kroger, Special Judge, etc. (1956), 235 Ind. 556, 135 N. E. 2d 520. We issued a temporary writ.

The facts here are the same as those stated in State ex rel. Miller v. Kroger, supra, and we see no reason to burden this opinion by repeating them here.

We refused to issue a permanent writ in the former action because no certified copy of the judgment of the Hancock Circuit Court had been filed in the receivership action in the Marion Superior Court. However, in State ex rel. Miller v. Kroger, supra, at page 522 of 135 N. E. 2d, we said:

"Clearly the mere filing of a certified copy of the decree terminating the case in chief from the Circuit Court of Hancock County in the receivership proceedings in the Superior Court of Marion

County, would have necessitated the termination and liquidation of the latter proceedings."

This was sufficient to inform respondent herein that upon the filing in the Marion Superior Court of a certified copy of the decree of the Hancock Circuit Court terminating the case in chief the receivership pending in respondent court should be immediately terminated.

On June 29, 1956, a certified copy of the judgment of the Hancock Circuit Court decreeing that the finding and judgment of foreclosure under which the receiver herein was appointed was void and in all things vacated and cancelled, was filed in the receivership action pending in the Marion Superior Court. This judgment terminated the case in chief and upon the filing of a certified copy thereof in the receivership proceedings pending before respondent Kroger, it became his imperative duty to terminate the receivership without delay and to return the property involved to the rightful owner immediately without further trouble and expense.

The judgment of the Hancock Circuit Court in the case in chief removed the cause and necessity for a receiver. When the action, to which the appointment of a receiver was ancillary, was determined in favor of relator herein, the authority upon which the respondent court acted was withdrawn and its jurisdiction for further operation of the receivership ceased, except such as was necessary for its termination. When the reason for the receiver was removed, respondent's authority to act was likewise taken away and he could perform no further functions except as was necessary to return the property to its rightful owner and terminate the receivership.

For the reasons above stated, respondent is without jurisdiction to proceed further in the receivership

pending in such court except in such matters as  are necessary to terminate such receivership forthwith, and the temporary writ heretofore issued herein is made permanent.

IT IS FURTHER ORDERED that because of the failure of respondent to terminate the receivership upon the filing of a certified copy of the judgment terminating the case in chief as indicated in *State ex rel. Miller* v. *Kroger, supra* (1956), 235 Ind. 556, 135 N. E. 2d 520, the clerk of this court is hereby ordered to transmit a copy of this opinion and judgment to respondent forthwith.

NOTE.—Reported in 139 N. E. 2d 170.