STATE EX REL. CARR, RECEIVER, ETC. *v.* SUPERIOR COURT OF MARION COUNTY, FUNK, JUDGE.

[No. 30,416. Filed July 23, 1963.]

*Alan H. Lobley* and *Ross, McCord, Ice & Miller,* both of Indianapolis, for relator.

*M. Walter Bell, Dulberger, Dillon, Bulen & Heeter* and *Murray E. Dulberger,* all of Indianapolis, for respondents.

ACHOR, J.—This is an original action, wherein relator has filed a petition for a writ of prohibition against the respondents. A receiver had been appointed in a cause of action entitled Harold W. Koehler, d/b/a Koehler's Wholesale Restaurant Supply v. Meadowbrook Diner, Inc., et al., Cause No. 31333 in the Superior Court of Marion County. On February 9, 1959, Nicholas Sufana qualified as special judge in the general receivership proceedings.

On April 17, 1958, the court entered an order allowing Aaron Heller to foreclose his mortgage against Meadowbrook Diner, Inc., as a proceedings ancillary to the main cause of action. In the decree of foreclosure, the receiver of Meadowbrook Diner, Inc. was authorized to sell the property.

On April 29, 1960, that court, acting through its special judge, Nicholas Sufana, approved the sale of the diner owned by Meadowbrook Diner, Inc. The sale was made by the receiver pursuant to the order of sale.

Notwithstanding such prior sale of the property by the receiver, on January 18, 1962 the special judge entered his finding of facts and conclusions of law with respect to the receivership property, which finding of facts and conclusions of law were, in fact, a deter-

mination regarding the priority of claims against the assets of the receivership.

On March 22, 1962, the special judge amended his finding of facts and conclusions of law, by which amendment he provided that Aaron Heller was entitled to interest and attorney fees in a specified amount, and stated that "the mortgage described in his petition is a valid and existing mortgage and should be foreclosed." On the same day, the special judge entered a decree of foreclosure which, among other things, provided that the sale should be made by the sheriff, rather than by the receiver.

On October 16, 1962, the special judge made findings and entered judgment "correcting" the decree of foreclosure of March 22, 1962, by providing that the sale should be made by the receiver and not by the sheriff as previously stated in his decree. The former entry of the decree to the contrary was described as a "clerical error."

On October 19, 1962, Aaron Heller filed a motion attacking the action of the court for the reason that the above entry had been made without notice to the parties. On October 29, 1962, the special judge made an entry to the effect that on November 2, 1962 he would reconsider his action of October 16, at which time Aaron Heller appeared specially by counsel and contested the jurisdiction of the special judge to proceed. Thereupon the special judge reconfirmed his entry of October 16, 1962.

On March 13, 1963, the regular judge assumed jurisdiction in the cause and entered the following decree:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED by this Court that all minutes, entires and orders pertaining to the judgment of foreclosure in the action of Aaron Heller, t/a Em-

pire Investment Company, to foreclose the chattel mortgage upon which there were hearings on May 16, 1962, October 10, 1962, October 16, 1962, November 2, 1962, and November 7, 1962, are void and shall be stricken.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED by this Court that any and all orders staying execution and/or restraining the Sheriff of Marion County or Aaron Heller from executing on the property of Meadowbrook Diner, Inc. under the terms of the decree of March 22, 1962, are hereby dissolved.

IT IS FURTHER ORDERED, ADJUDGED AND DECREE by this Court that as to matters pertaining to the decree on the foreclosure of the chattel mortgage by Aaron Heller, t/a Empire Investment Company in these proceedings; that the duly elected, qualified and acting judge of Superior Court Room No. 3 of Marion County is the sole and only judge that has jurisdiction on the judgment of March 22, 1962, pertaining to the foreclosure of the chattel mortgage by Aaron Heller, t/a Empire Investment Company, after said judgment became final and no longer appealable, except as to errors of the clerk or misprisions of the record."

Later, on the same day, the receiver filed a written motion asking that the entry of the regular judge be stricken, on the ground that the regular judge had no jurisdiction to strike the entries of the special judge.

On March 12, 1963, Aaron Heller filed a motion questioning the authority of the receiver, because a motion for a change of judge, filed in March of 1962 was never ruled upon. On the same day the special judge overruled the motion for change of judge and also the motion questioning the receiver's authority. On March 29 the regular judge overruled the receiver's motion to reconsider the regular judge's striking of the special judge's entries.

Thus, two issues are presented by the maze of motions and entries made in this proceedings: (1) Did the special judge lose jurisdiction of the matter of the foreclosure of the mortgage of Aaron Heller upon his adjudication that the mortgage be foreclosed, or did he retain jurisdiction as to the execution of the foreclosure proceedings, since it was filed and adjudicated as a matter which was ancillary to the general receivership itself? It is our opinion that the special judge retained jurisdiction for two reasons: (a) because the special judge had assumed jurisdiction of the general receivership, and the original order of the court directed the receiver to execute the sale, to which proceedings the parties acquiesced, and (b) because, generally, upon the adjudication of matters ancillary to the general receivership, jurisdiction thereof returns to the judge who has jurisdiction of the receivership. See: *State ex rel. Miller et al.* v. *Kroger, Spl. J.* (1956), 235 Ind. 556, 135 N. E. 2d 520.

Therefore, jurisdiction as to the foreclosure of the chattel mortgage of Aaron Heller continued in the special judge following the decree of foreclosure. It did not revert to the regular judge of the court.

(2) Did the special judge lose jurisdiction of the general receivership by reason of the filing of the motion for change of venue from the judge?

The motion for change of venue, omitting formal parts, is as follows:

"Comes now the plaintiff and moves the Court that the venue of the above entitled action be changed from the Judge thereof, pursuant to the provisions of Rule 1. 12-b of the Rules of the Supreme Court of Indiana."

The motion is fatally defective, in that it does not set up any grounds for such change of venue.

Furthermore, the motion was not filed within 10 days after the closing of issues in the proceedings to which it was directed, as required by Rule 1-12B of this court.

The motion for change of venue being fatally defective should have been ruled upon promptly. However, failure to rule thereon did not deprive the special judge of jurisdiction, nor did it reinvest the regular judge with jurisdiction over the general receivership herein.

For the reasons hereinabove stated, the respondent regular judge of the Superior Court of Marion County is prohibited from exercising jurisdiction in this cause, and all entries made by him in this cause are ordered stricken from the record.

Myers, C. J., Arterburn & Landis, JJ., concur; Jackson, J., concurs in the result.

NOTE.—Reported in 191 N. E. 2d 784.