STATE EX REL. INTERSTATE FINANCE, INC. *v.*
SUPERIOR COURT OF MARION COUNTY, SYMMES, JUDGE.

[No. 30,445. Filed November 18, 1963.]

*Murray Dulberger*, of Indianapolis, for relator.

*Paul Hirsch*, of Indianapolis, for respondent.

ARTERBURN, J.—The relator has filed in this court a petition for an alternative writ of mandate and writ of prohibition, asking that the respondent court be ordered to grant relator's motion for a change of venue from the county. We issued a temporary writ.

The record in this case reveals that a suit on a promissory note was filed in the trial court below, entitled *"Daymon Keeton v. Joe Brodhacker, d/b/a Little Joe's Kar Mart, Interstate Finance, Inc., an Indiana corporation, (Joseph A. Zeunick)*, Cause No. S63-1769," which complaint also asked for the appointment of a receiver. A receiver was appointed to take possession of the assets, including automobiles of the defendant car dealer. A controversy arose over cars listed under trust receipts held by the relator herein. It was finally

agreed by the parties that the relator should sell the automobiles at auction and after deducting certain costs and expenses, hold the proceeds "in trust until further determination by the Court as to the right of the parties to such proceeds." The automobiles were sold according to the agreement and the proceeds accumulated in the hands of the relator. On June 28, 1963 the receiver filed a petition requesting payment of the trust funds in the hands of the relator, Interstate Finance, Inc., resulting from the sale of the automobiles. On July 3, 1963 the relator, Interstate Finance, Inc., filed a motion for a change of venue from the county "as to petition requesting payment of trust funds." The trial court overruled the motion for a change of venue.

The relator contends that the petition for payment of the trust funds is a separate triable issue and that it is entitled to a change of venue under the terms of Burns' §3-2618 (1946 Repl.), which reads as follows:

"In any action, proceeding, or matter of any character or nature whatsoever relating to, connected with, or involving a receivership estate, any of the parties thereto shall be entitled to change of judge or a change of venue from the county for the same reasons and upon the same terms and conditions upon which there may be a change of judge or a change of venue from the county in any civil action: Provided, however, That nothing contained herein shall be construed to authorize a change of venue from the county concerning expenses allowed by the court incidental to the operation, management or administration of the receivership estate or to authorize a change of venue from the county upon any petition or proceeding to remove a receiver or to authorize a change of venue from the county upon the objections or exceptions to any partial or final account or report of any receiver, and hereafter there shall be no change of venue from the county of the administration of any receivership estate or upon any

petition or proceeding to remove a receiver, or upon objections or exceptions to any partial or final account or report of any receiver."

On the other hand, the receiver contends first, that there was a waiver of the right to a change of venue from the court, and secondly, there is no right to a change of venue from the county since the issues are part of the administration of the receivership. The respondent bases its contention that there was a waiver upon the wordings of the stipulation and agreement, which provided that the balance of the proceeds from the sale of the cars should be held "in trust until further determination by this Court." We are not impressed by this contention, since there is no reference to any waiver of any change of venue in the stipulation, and the language used is that commonly used in referring to the court entertaining any proceedings. The cases cited by the respondent in support of its position were cases in which there was an expressed stipulation waiving the change of venue.

Whether or not the relator is entitled to a change of venue from the county in a receivership is dependent upon whether or not the matter is one normally part of the routine administration of the receivership or is a separate triable issue which has the characteristics of a separate law suit. *State ex rel.* v. *Superior Court of Marion County* (1931), 202 Ind. 456, 174 N. E. 732; *State ex rel. Miller et al.* v. *Kroger, Spl. J.* (1956), 235 Ind. 556, 135 N. E. 2d 520.

The issue here is one in which a claim to certain property or funds is to be tried. It has the characteristics of a suit in equity for an accounting which involves the adjustment of the amount due after consideration of certain items of expense. This appears to us to be a separate triable issue, having

all the characteristics of a suit for an accounting in equity for funds held in trust. *State ex rel. Van Horne* v. *Sullivan* (1934), 206 Ind. 304, 188 N. E. 672; *State ex rel. White Water, etc.* v. *Hoelscher, Judge* (1935), 208 Ind. 334, 196 N. E. 1; *Stair* v. *Meissel* (1934), 207 Ind. 280, 192 N. E. 453.

The relator has fully complied with Rule 1-12B of this court with reference to applications for change of venue from the county, and also relator's application comes within the terms of Burns' §2-1401 (1946 Repl.), and in our opinion is entitled to have his application for a change of venue from the county granted upon the issues made upon the petition for the payment of the trust funds.

The alternative and temporary writs heretofore granted are now made absolute and permanent.

Myers, C. J., and Landis and Achor, JJ., concur; Jackson, J., concurs in result.

NOTE.—Reported in 193 N. E. 2d 909.