GARY CASTERLOW *v.* STATE OF INDIANA.

[No. 2-473A99. Filed November 20, 1973.]

*Harriette Bailey Conn* [*Mrs.*], Public Defender of Indiana, for appellant.

*Theodore L. Sendak,* Attorney General, for appellee.

ON PETITION TO RECONSIDER DENIAL OF PETITION FOR
LEAVE TO REFER TO RECORD IN FORMER CASE

PER CURIAM—This is an appeal by Gary Casterlow from a judgment denying his petition for post conviction relief. He is represented by the Public Defender of the State of Indiana who, on August 2, 1973, filed in his behalf the following petition:

"Comes now Harriette Bailey Conn, Public Defender of Indiana, and attorney for Gary Casterlow, and would show the Court that:

"(1)   Petitioner was tried and convicted of the crime of Robbery and was sentenced to an indeterminant term of ten [10] to twenty-five [25] years, corrected July 30, 1969, to an indeterminate sentence of not less than ten [10] nor more than twenty [20] years;

"(2)   Petitioner appealed to the Supreme Court of Indiana under cause number 1169 S 274, finally affirmed May 17, 1971;

"(3)   Thereafter, Petitioner's Petition for Post-Conviction Relief, filed August 28, 1972, was denied November 27, 1972;

"(4)   Petitioner's Motion to Correct Errors from denial of his Petition for Post-Conviction Relief was filed January 19, 1973, and overruled on the same date.

"(5)   The Record of Proceedings was filed April 19, 1973, with the Clerk of the Court of Appeals of Indiana, although a determination of all of the issues of his Petition for Post-Conviction Relief would be facilitated by reference to the record of prior proceedings.

"WHEREFORE, Petitioner prays for leave to refer to the Record earlier filed under cause number 1169 S 274 "

We denied that petition on August 21, 1973, and the Public Defender has now filed a petition to reconsider. She makes a cogent argument, supported by many citations of authority, to the effect that we can and should take judicial notice of the record of the direct appeal to the Supreme Court since it is a record in the office of the clerk who is clerk for both this court and the Supreme Court. However, no case cited holds that one court may take judicial notice of the records of another court. Nor have we found any authority which even discusses the question of whether the fact that two appellate courts have a common clerk and the second court has succeeded to the jurisdiction of the first court[1] alters what appears to be the general rule that one court may not judicially notice the records of another court.[2] Whether the relationship between this court and the Supreme Court of Indiana with respect to this particular case is such that we can and should judicially notice the higher court's records in the former appeal is a question we are not prepared to answer at this time. But if appellant's thesis is correct we are obliged to take notice of so much of that record as may be called to our attention for any relevant and proper purpose regardless of whether leave to refer to it has been requested and *regardless* of whether such leave has been granted. Conversely, if we have no right to judicially notice the prior record, our granting leave to refer to it will not create such right.

1. Prior to January 1, 1972, the Indiana Supreme Court had exclusive jurisdiction of appeals in all criminal cases and all post conviction relief cases. Ind. Ann. Stat. § 4-214, Cl. 2, (Burns 1968 Repl.) repealed by Acts 1971, P.L. 427, eff. January 1, 1972. Post-Conviction Remedy Rule 1. Since December 31, 1971, the Court of Appeals has jurisdiction of appeals in criminal cases wherein the minimum sentence is not greater than ten years and from denial of post-conviction relief involving like sentences. Appellate Rule 4(A)(7) and 4(B).

2. *State ex rel. Minton* v. *Parke Circuit Court* (1948), 226 Ind. 55; *Peoples State Bank of Crown Point* v. *Bankers Trust Co. of Gary* (1936), 102 Ind. App. 647, 4 N.E.2d 674; *State ex rel. Department of Financial Institutions of Indiana* v. *Topf's Estate* (1938), 105 Ind. App. 530, 13 N.E. 2d 883; *State ex rel. Miller* v. *Kroger* (1956), 235 Ind. 556, 135 N.E.2d 520; *State ex rel. Miller* v. *Kroger* (1957), 236 Ind. 190, 139 N.E.2d 170.

The petition to reconsider refers to our denial of the petition to refer to the direct appeal record as a "refusal to allow counsel on appeal to refer to the record of the prior appeal." Our ruling should not be so interpreted. Rather it should be understood as a refusal to approve, in advance, proposed references to matters *dehors* the record of this case when we are wholly uninformed of the propriety and relevance of such references. If counsel, in good faith, makes those references in her appellant's brief and convinces us that they are proper and relevant they will be considered. If we are not so convinced, we will disregard them, just as we would reject any allusion to matters outside the record, absent a showing of an exception to the general rule that each appeal is decided on the record brought to the appellate court in the case appealed. *Davidson* v. *Davidson* (1950), 120 Ind. App. 253, 90 N.E.2d 821, 91 N.E.2d 796.

In *LeFlore* v. *State* (1973), 157 Ind. App. 291, 299 N.E.2d 871, 874, 38 Ind. Dec. 43, 47, in an opinion handed down only a few days before we denied, in this case, the petition to refer to the record of the direct appeal to the Supreme Court, we noted that we had "improvidently" granted such a petition in that case.

> "Our granting of that petition, [we said], has been treated as having caused the evidence at the criminal trial to become a part of the evidence at the post conviction relief hearing. The net result is that this appeal is little more than an attempted second direct appeal of the criminal case. . . . The State, however, has failed to argue waiver and has elected to argue the merits of the issues petitioner-appellant contends are presented by this appeal. Apparently, *Langley, supra,* 267 N.E.2d at 542, 25 Ind. Dec. at 124 requires us to do likewise."

Whether we correctly or incorrectly assessed the effect of granting the petition in *LeFlore,* we feel obliged to take care that no ruling in this case will deter the State from its duty to assert every available defense tending to confine post conviction relief proceedings to their intended purpose as

stated in *Langley*.[3] But in any event we consider petitions for leave to refer to the direct appeal record to be unnecessary. If we have, by law, the duty to judicially notice any fact *dehors* our record then, logically, we have also the right and the power so to do. But if the law invests us with neither the duty, the right, or the power, no grant by us of leave to refer to facts beyond our judicial ken can clothe us with that power. It is incumbent on the appellant to persuade us in his appellant's brief that facts outside the record which he wishes us to consider are within our judicial notice. Conversely, if the appellee believes they are not, it is its privilege and duty to attempt counter-suasion. It is no more meet that the question be decided on a preliminary motion than that any other issue be predetermined.

The appellant's motion to reconsider is denied.

NOTE.—Reported in 303 N.E.2d 284.

3.    See 256 Ind. at 203, 267 N.E.2d at 540, 25 Ind. Dec. at 121